**CHRYSLER CREDIT CORPORATION**

v.

**RALPH WILLIAMS GULFGATE CHRYS-LER–PLYMOUTH et al., State of Tex-as, Clarence M. Rheman, Intervenors.**

**Civ. A. No. 71–H–511.**

United States District Court,
S. D. Texas,
Houston Division.

July 16, 1971.

■

Michael A. Henry, Houston, Tex., for plaintiff.

C. O. Ryan, Kelley, Ryan & Merrill, Houston, Tex., for defendants.

Ray Cortez, Asst. City Atty., for the State.

Herman W. Mead, Houston, Tex., for Rheman.

SINGLETON, District Judge.

*Memorandum and Order:*

Plaintiff Chrysler Credit Corporation (herein Chrysler), a Delaware corporation, commenced this suit in the 189th District Court of Harris County, Texas, against Ralph Williams Gulfgate Chrysler-Plymouth (herein Gulfgate), a Texas corporation. The purpose of the state court suit was to recover a debt allegedly owed by Gulfgate to Chrysler of approximately $1,350,000, attorneys' fees of approximately $267,000, and to establish, fix, and foreclose various liens created as security for this debt. Subsequent to the filing of the original petition, as it is called in the Texas practice, Chrysler amended so as to join as additional parties defendant a California corporation, Ralph Williams, Inc., Ralph Williams individually, and his wife, Annabelle Willaims, also individually, both of whom are California citizens. The theories under which these additional defendants were joined were that they had guaranteed the debts of Gulfgate, well-known in and about Houston as a large volume automobile dealership, and that they were the alter ego of Gulfgate. At some point in the proceedings, though it is not clear as to precisely when, two other parties intervened. One of these parties was the State of Texas, acting through the county attorney of Harris County, seeking to protect its interest in certain *ad valorem* taxes claimed to be due from Gulfgate. The other was an individual, a Texas citizen, who had recently before the filing of this suit purchased a used automobile from Gulfgate, but was never furnished a certificate of title. While on Gulfgate's premises, the automobile was sequestered at the same time as the remainder of Gulfgate's inventory.

■ The suit was removed from state court by all defendants within the time limitation prescribed by 28 U.S.C. § 1446 (b) [1] and is presently before the court on Chrysler's motion to remand. Jurisdiction after removal is largely contingent on whether the state court suit is one of which a district court of the United States would have original jurisdiction. *See* 28 U.S.C. § 1441. Defendants advance several theories of original federal court jurisdiction, namely diversity of citizenship,[2] federal question,[3] and interpleader.[4]

By the terms of 28 U.S.C. 1441(b),[5] any suit in which federal court jurisdic-

1. "The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

2. 28 U.S.C. § 1332.

3. 28 U.S.C. § 1331.

4. 28 U.S.C. § 1335.

5. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be

tion is based on a jurisdictional theory other than the existance of a federal question can be removed only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. Thus in this instance, where diversity is urged as a basis for federal court jurisdiction, the claim of Chrysler against Gulfgate is a nonremovable action, Gulfgate being a Texas corporation.

Defendants, however, contend that Section 1441(c) [6] is applicable in that the claims against the other defendants, Ralph Williams, Inc., Ralph Williams individually and Annabelle Williams individually, are "separate and independent" claims within the scope of the provision. If that be true, then, of course, the court is vested with discretion to consider the entire case or to remand the nonremovable claims. *See* § 1441(c).

Defendants' assertion that there is a "separate and independent claim" within Section 1441(c) cannot be accepted. The guidepost for the determination of the existence of a separate and independent claim is presented in American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). That case was one brought by a Texas citizen against two foreign insurance companies and their local agent, also a Texas citizen. Plaintiff sought recovery in the alternative for fire loss on one or the other of two policies, or that the agent had improperly failed to keep the property insured. The insurers removed the case from state court. The Supreme Court, after discussing the history of Section 1441(c), concluded that where there is a single wrong to a plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action. Applying that principle to the facts before the court, it held the removal to be improper.

The authorities are inconclusive as to the effect of a characterization of state law that a particular type of claim is separate and independent. *See* Wright, Federal Courts, p. 132 (1970 ed.). There is no need, however, to delve into that issue since it is clear that under the *Finn* standard there is a single wrong resulting ·from an interlocked series of events, namely the assumption of the obligations by Gulfgate, the apparent default on those obligations, and the execution of the contracts of guaranty by the other defendants. The claim against Ralph Williams, Inc., Ralph Williams individually, and Annabelle Williams, whether based on the contracts of guaranty or founded on an alter ego theory, inevitably depends upon the validity of the claim against Gulfgate. Mayflower Industries v. Thor Corp., 184 F.2d 537 (3rd Cir. 1950); Doran v. Elgin Cooperative Credit Association, 95 F.Supp. 455 (D.Neb.1950).

Neither can defendants successfully remove upon the basis of original jurisdiction under 28 U.S.C. § 1335.[7] They have contended that the fact of the intervening parties having become parties to their suit transforms it to one in

removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

6. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

7. "(a) The district courts shall have original jurisdiction of any civil action of

interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or

the nature of an interpleader action. This contention is, however, without merit in that the intervention does not fit within the specifications of Section 1335. This is not a suit in which a party, being in debt to one or the other adverse claimants, has deposited the amount of the obligation into the registry of the court "there to abide by the judgment of the court." 28 U.S.C. 1335 (a).

 Finally, it cannot be said, as defendants argue, that federal question jurisdiction is lurking behind the complaint. Removability is contingent only upon the characterization of the suit made by the plaintiff in his state court complaint and not upon any allegations which defendant might make in a responsive pleading or, for that matter, in the defendants' removal petition. *See* Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918); Wright, supra, p. 134. This is not a case where there has been removed from state court a suit, although ostensibly based on a non-federal cause of action, in which the plaintiff must necessarily state a federal cause of action whether he wishes to do so or not. *Cf.* Avco Corp. v. Aero Lodge No. 735, International Ass'n of Machinists and Aerospace Workers, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Although the court recognizes that it is not the only scene of battle in the overall war between the parties,[8] the state court complaint on its face seeks only to recover for

breach of a dealership agreement, a claim founded upon Gulfgate's failure to honor certain promissory notes which it executed, to recover against the guarantor defendants in the alternative, and to foreclose various liens created by these obligations. Thus, there is no federal question jurisdiction on which removal can be predicated.

The motion to remand must be granted and it is accordingly ordered that the above-styled-and-numbered cause be, and the same is hereby, remanded to the 189th District Court of Harris County, Texas. The clerk of this court is directed to file this Memorandum and Order and forward true copies to counsel of record.

---

property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judg-

ment of the court with respect to the subject matter of the controversy.

"(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another."

8. Other suits are pending in California, an action in Orange County and one in Los Angeles County, and in the U. S. District Court for the Eastern District of Pennsylvania. This latter is an action under various federal antitrust statutes between several Ralph Williams controlled companies against Chrysler Corporation and its subsidiaries, one of which is the plaintiff in this suit.