Harold **PATTERSON**, Plaintiff-Appellant,

v.

**AMERICAN CASUALTY CO., SURETY,**
Defendant-Appellee.

No. 26024.

United States Court of Appeals,
Ninth Circuit.

May 23, 1972.

Richard R. Black (argued), Pocatello, Idaho, Gleason Anderson, of Behm & Anderson, Buhl, Idaho, for plaintiff-appellant.

Eugene C. Thomas (argued), John W. Barrett, Richard E. Hall, of Moffatt, Thomas, Barrett & Blanton, Boise, Idaho, for defendant-appellee.

Before MADDEN, Judge of the United States Court of Claims,* and MERRILL and WRIGHT, Circuit Judges.

* Judge Madden died on February 17, 1972, before this opinion was prepared. He did, however, express concurrence in the result.

MERRILL, Circuit Judge:

Appellant brought suit in the Idaho state courts seeking damages for fraud. In his complaint he alleged that in proceedings before the State Industrial Accident Board he stipulated for a lump-sum settlement of claims for disability arising out of an industrial accident; that the stipulation was in reliance upon fraudulent misrepresentations by defendant and that defendant wilfully and fraudulently withheld medical data bearing on the severity of his injury. He sought substantial money damages: $148,000 loss of wages; $10,000 projected medical expenses; $90,000 "general damages" (without any suggestion as to their nature).

Appellee, as defendant, removed the case to the District Court for the District of Idaho upon the ground of diversity of citizenship. In that court appellee asserted that under Idaho law the subject of the action was within the exclusive jurisdiction of the State Board; that plaintiff's remedy was to petition the Board to reopen the original settlement and proceed thereafter before the Board.

The District Court agreed with appellee and granted summary judgment, dismissing the action.

On appeal the sole question is whether under these circumstances dismissal by the federal court was the proper method of disposition.

It is clear that what appellant sought in his state action was compensation for his accident. The fraud is asserted as simply precluding him from recovering his due from the State Board and he seeks to substitute recovery by court action for the Board recovery. By state law the Board has exclusive jurisdiction not only over industrial accident claims but also over claims of fraudulent settlement. Appellant thus appears to have stated a claim cognizable under state law but within the exclusive jurisdiction of the State Board.

If such is indeed Idaho law the state court was without jurisdiction to entertain the claim and there was nothing to remove to federal court.[1]

28 U.S.C. § 1447(c) provides in part:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case * * *."

In such a case as is presented here, then, the District Court is faced with improvident removal. It is not its function to dispose on the merits of a case that never should have been removed but rather to remand it to the state court for disposition. I–A Moore's Federal Practice, ¶0.169[1]. State of Washington v. American League of Professional Baseball Clubs, 460 F.2d 654 (9th Cir. April 7, 1972); Weeks v. Fidelity and Casualty Co. of N.Y., 218 F.2d 503 (5th Cir. 1955); Gwaltney Bros., Inc. v. Marion County Bldg. Tr. Council, 175 F.Supp. 790 (S.D.Ind.1959).

Summary judgment is vacated and the matter is remanded with instructions that it be returned to the state court from which it was removed.

1. As this court has recently noted, State of Washington v. American League of Professional Baseball Clubs, 460 F.2d 654 (9th Cir. April 7, 1972), the jurisdiction of a federal court over a case removed from a state court is derivative in nature. The federal court gets no more jurisdiction than was possessed by the state court.