**Robert E. WATSON and Lois J. Watson, Plaintiffs-Appellants,**

v.

**ROBERTS, SCOTT & CO., INC., a corporation, Defendant-Appellee.**

No. 71–2814.

United States Court of Appeals, Ninth Circuit.

Aug. 24, 1972.

George Kalinski, Marina Del Rey, Cal., for plaintiffs-appellants.

Carla A. Hills, Max Factor, III, of Munger, Tolles, Hills & Rickershauser, Los Angeles, Cal., for defendant-appellee.

Before HAMLEY, DUNIWAY and WRIGHT, Circuit Judges.

PER CURIAM:

Invoking section 15(c) (1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(c) (1), Robert E. Watson and Lois J. Watson, his wife, brought this action against Roberts, Scott & Co., Inc. (the broker) and five Does, to recover damages in the amount of twenty-five thousand dollars, and for other relief. The broker moved for summary judgment dismissing the action, asserting that the Watsons are collaterally estopped to bring this action because the same issues were litigated in a breach of contract action brought by the broker against the Watsons in the California state courts.

The district court accepted the broker's collateral estoppel argument, granted the motion for summary judgment, and dismissed the action. The Watsons appealed to this court arguing, among other things, that since the state action was still pending on appeal, there could be no collateral estoppel based on the state litigation. Because a California state judgment has no collateral estoppel effect while an appeal is pending. (Cal.Code Civ.Proc. § 1049), we determined that the district court had erred in dismissing the action and, on June 29, 1972, filed an opinion reversing, and remanding the cause for further proceedings.

Unbeknownst to us, however, the state court judgment had been affirmed on appeal on June 1, 1972, a fact which was brought to our attention in the petition for rehearing. No further appeal has been taken in the state courts, and the parties agree that the state judgment on which the district court based its dismissal is now final. Because the intervening events which occurred without our knowledge have undermined the factual ground on which our opinion of June 28, 1972 was based, we now withdraw that opinion, grant the petition for rehearing, but without argument, and proceed to consider the remaining issues in the case.

Both parties present legal argument concerning the collateral estoppel effect of a state court decision which passes upon questions of federal law; but the most fundamental bone of contention between the parties is whether the state court decided issues which would be dispositive of the present federal action, even if the state court judgment were to be given collateral estoppel effect. Because the record presently before us will not support a conclusion that the state court determined issues dispositive of the federal action, we conclude that the district court judgment must be reversed.

The Watsons' federal complaint, as noted above, was based upon the broker's alleged violation of 15 U.S.C. §

**1350**

78o(c) (1), which prohibits the use of any "manipulative, deceptive, or other fraudulent device or contrivance" by a broker or dealer in the purchase or sale of certain securities.

█ By contrast, the state court action was based upon common law contract theory. Neither the complaint nor the answer in the state litigation alleges that federal securities law has any effect on the action. While the findings and conclusions of the state court appear to give some effect to Federal Reserve System Regulation T, 12 C.F.R. § 220.1 et seq., there is no indication that the state court endeavored to make any determination concerning the use or non-use of any manipulative, deceptive, or fraudulent device, under federal law, by the broker. Such a federal determination is, of course, the exclusive province of the federal courts.

█ Moreover, the findings of the state court do not, in our view, determine facts which are dispositive of the issues in the federal action. The broker points to the finding that "[Watson's] conduct must have led Afman [the broker's salesman] to believe the sale was still on; . . ." This finding of fact, which is now established beyond challenge in the federal action, is, at most, directed to the question of whether the parties' minds "met" so as to form a contract. In analogous federal actions involving manipulative or deceptive device under federal securities law, the question of whether a contract existed was not dispositive; it is the use of the deceptive device by the broker, not the issue of whether he operated under a contract, which forms the gravamen of the federal action. *See* Hecht v. Harris, Upham & Co., 430 F.2d 1202 (9th Cir. 1970); Chasins v. Smith, Barney & Co., 438 F.2d 1167 (2d Cir. 1970).

Plaintiff is collaterally estopped as to findings of fact made by the state court bearing upon the contract claim there litigated. But, on the record before us, we cannot conclude that the state court decided, or purported to decide, issues of fact or law which would be dispositive of the present federal action. Accordingly, we do not reach the question of whether a decision by the state court of federal issues might collaterally estop later federal litigation. Nor, of course, do we intimate any opinion on the merits of this action on remand.

Reversed and remanded for further proceedings.