**McMAHON CHEVROLET, INC.,**
**Plaintiff,**

v.

**John C. DAVIS and J. R. McDonald,**
**Defendants.**

**Civ. A. No. 75-H-82.**

United States District Court,
S. D. Texas,
Houston Division.

April 18, 1975.

Ted Hirtz of Childress, Port & Crady, Houston, Tex., for plaintiff.

Ben H. Schleider, Jr., and Paul S. Francis of Dillingham, Schleider & Masquellette, Houston, Tex., for defendants.

## MEMORANDUM OPINION

NOEL, District Judge.

In August of 1971, plaintiff McMahon Chevrolet, Inc., brought this action against defendants John C. Davis and J. R. McDonald in the District Court of Harris County, Texas, 165th Judicial District where it received number 882,437. The complaint alleged various causes of action including embezzlement, fraud and conversion.

In October of 1974, the defendant removed the case to this Court under 28 U.S.C. § 1441 where it was given Civil Action Number 74–H–1353. Plaintiff promptly moved this Court to remand the case. Remand was directed on October 18, 1974, by an Order of the Court which recited the untimeliness of the removal under 28 U.S.C. § 1446(b).

In December of 1974, plaintiff filed its First Amended Petition in the state court. Under 28 U.S.C. § 1441(c), defendants again removed the case to this Court where it is now identified as Civil Action Number 75–H–82, i. e., the instant case.

Defendants properly assert that if a right to removal does not appear

upon the filing of the original complaint or petition in the state court, but rather upon the filing of some subsequent pleading or other conduct of the parties, the thirty-day period for removal under Section 1446(b) commences to run anew. Kulbeth v. Woolnought, 324 F.Supp. 908 (S.D.Tex.1971) (Singleton, J.)

Defendants' right to removal, it is claimed, appeared only upon the filing of the amended petition in the state court. This amended petition, defendants contend, contains for the first time all the essential elements, though not identified as such, of a claim for relief under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and particularly Rule 10b–5 of the Securities Exchange Commission, 17 C.F.R. 240.10b–5. This being so, defendants continue, removal is proper both because

1) plaintiff's amended complaint joined a "separate and independent claim or cause of action, which would be removable if sued upon alone" with "one or more otherwise non-removable claims or causes of action" within the meaning of 28 U.S.C. § 1441(c), and

2) exclusive jurisdiction of actions under Section 10b and Rule 10b–5 is conferred upon the federal courts by Section 27 of the 1934 Act, 15 U.S.C. § 78aa.

Both of these theories rely upon the premise that plaintiff's amended complaint states all the elements of a cause of action against these defendants under Section 10(b) and Rule 10b–5. This premise, which has been a principal focus of disagreement between the parties, will not be examined by this Court. As will appear below, defendants could not prevail even if their premise were sustained.

■ Defendants' first theory—that the Securities Exchange Act claim is "separate and independent" of the other non-removable claims—contains the germ of its own demise. As mentioned above, defendants contend that plaintiff has alleged all the elements of a claim for relief under the 1934 Act while spelling out his claims based on state law. This statement reveals on its face the intimate connection between whatever cause of action plaintiff may have had [1] under the 1934 Act and its other causes of action. Under these facts, it is plain that the arguably removable cause of action is not "separate and independent" from the non-removable causes of action. Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174 (9th Cir. 1969).

Defendants' second theory—that Section 27 of the 1934 Act expresses a Congressional policy that no action brought under the Act shall proceed in the state courts—must also be rejected. The Labor Management Relations Act has been held to exclude the state courts from exercising jurisdiction over certain labor disputes regardless of how they are plead. City of Galveston v. Int'l Organ. of Masters, 338 F.Supp. 907 (S.D.Tex. 1972) (Noel, J.). The 1906 Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11), has been held to bar the application of state *substantive* law to any dispute, however characterized, arising from a breach of a bill of lading agreement for interstate carriage of goods. Am. Synthetic Rubber Corp. v. Louisville & N. R. R., 422 F.2d 462 (6th Cir. 1970); Sylgab Steel & Wire Corp. v. Strickland Transp. Co., 270 F. Supp. 264 (E.D.N.Y.1967).

■ There is, however, no precedent holding that Congress intended to prevent the state courts from deciding those cases which might have been brought under the Securities Exchange Act of 1934 if the plaintiff had so desired. Indeed, Watson v. Roberts, Scott & Co., 466 F.2d 1348 (9th Cir. 1972) is, by implication, to the contrary. This Court is of the opinion that the exclusive jurisdiction of the federal courts under 15 U.S.C. § 78aa is like the exclusive jurisdiction of the federal courts

---

1. On February 24, 1975, plaintiff formally waived any cause of action it might have had against defendant under Section 10(b) of the 1934 Act and Rule 10b–5.

under §§ 19 and 22 of the Natural Gas Act, 15 U.S.C. §§ 717r and 717u, respectively, in that such jurisdiction does not bar a plaintiff from pursuing at his option remedies based solely on state law. Pan Am. Petr. Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 384 (1961).

It deserves to be mentioned that "[t]his is not a case where there has been removed from state court a suit, although ostensibly based on a non-federal cause of action, in which the plaintiff must necessarily state a federal cause of action whether he wishes to do so or not." Chrysler Credit Corp. v. Ralph Williams Gulfgate Chrysler-Plymouth, 329 F. Supp. 644, 647 (S.D.Tex.1971) (Singleton, J.). Plaintiff's recovery, if any, will be entirely based on state law.

Accordingly, defendants' second theory in favor of removal cannot be accepted. Further, there is an alternative ground upon which this Court could base its rejection of defendants' second theory.

■■ Even if defendants were correct in their interpretation of Section 27 of the 1934 Act, this Court could not acquire jurisdiction over this action by· removal.

> If Congress did not grant permission to bring this . . . proceeding in a state court, the federal court [is] without jurisdiction upon its removal. For jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter . . . the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.

Minnesota v. United States, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). Cf. Stapleton v. Two Million Four Hundred Thirty-Eight Thousand, One Hundred and Ten Dollars, 454 F.2d 1210, 1213 (3rd Cir. 1972).

For all of the foregoing reasons, defendants' theories in support of removal cannot be recognized.

Defendants' arguments in favor of removal which stem from the Civil Rights Acts of 1870 and 1871 range from the unmeritorious to the frivolous and do not merit discussion.

Therefore, plaintiff's Motion to Remand must be granted. Order shall issue to this effect.