**George ARMSTRONG, Individually and on behalf of all other persons similarly situated, Plaintiffs,**

v.

**MONEX INTERNATIONAL, LTD., et al., Defendants.**

No. 75 C 4234.

United States District Court,
N. D. Illinois, E. D.

April 1, 1976.

Fred I. Shandling, Fohrman, Lurie, Holstein, Sklar & Cottle Ltd., Chicago, Ill., for plaintiffs.

Thomas P. Sullivan, Carol R. Thigpen, Jenner & Block, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

### *Motion to Remand*

MAROVITZ, Senior District Judge.

### I.

On November 12, 1975, plaintiffs filed this multiple count class action in the Cir-

cuit Court of Cook County alleging violations by the defendant of the Securities Act of 1933, 15 U.S.C. §§ 77e and 77g, the Securities Exchange Act of 1934, 15 U.S.C. § 78j, Rule 10(b)–5 of the Securities Exchange Commission, 17 C.F.R. § 240, 10b–5, common law fraud and misrepresentation.

On December 12, 1975, defendant filed a petition for removal of this action pursuant to 28 U.S.C. §§ 1441(b) and (c), alleging diversity of citizenship between the parties served, and that plaintiffs' complaint contains a claim under the 1934 Act, for which jurisdiction is exclusively vested in federal courts under 15 U.S.C. § 78aa. Pending before us is plaintiffs' motion to remand this action to the Circuit Court of Cook County on the grounds that there is no diversity between the parties and that plaintiffs' claim under the 1934 Act is not separate and independent from the remaining allegations in the complaint within the meaning of 28 U.S.C. § 1441(c).

■ Though concurrent with the filing of their motion to remand plaintiffs amended their complaint by deleting allegations relating to the 1934 Act, it is undisputed that such an amendment after removal does not serve to defeat federal jurisdiction if the case was "properly removable upon the record as it stood at the time that the petition for removal was filed." *Brown v. Eastern States Corp.,* 181 F.2d 26, 28–29 (4th Cir.), *cert. denied,* 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950); 1A Moore's *Federal Practice* ¶ 0.160 (2nd Edition). We therefore turn to the substantive issues raised by plaintiffs' motion to remand.

## II.

28 U.S.C. §§ 1441(b) and (c) provide:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Defendant argues that since 15 U.S.C. § 78aa vests exclusive jurisdiction over 1934 Act claims in the federal courts, this action was properly removed under 28 U.S.C. § 1441(c), and that since there is complete diversity of citizenship between the parties served, removal was proper under 28 U.S.C. § 1441(b).

In support of their motion to remand, plaintiffs argue that the 1934 Act portion of the original complaint does not raise a "separate and independent claim or cause of action" within the meaning of § 1441(c), and that removal is also barred by the lack of complete diversity between the parties, § 1441(b), as well as by Section 22 of the 1933 Act, 15 U.S.C. § 77v(a), which provides in pertinent part:

No case arising under this subchapter [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States

■ Our review of the rather lengthy complaint originally filed in the state court reveals that this action falls within the Supreme Court's holding in *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702, 708 (1951), that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlock[ing] series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." Plaintiffs' inclusion of the 1934 Act claims along with claims arising under both the 1933 Act and state law, was nothing more than the presentation of alternative theories of recovery for the same wrongs which plaintiffs claim

to have suffered as a result of defendant's allegedly improper acts. Under these facts, it would seem that the 1934 Act claims are not "separate and independent" from the non-removable claims and do not justify removal under § 1441(c).[1] See, *McMahon Chevrolet, Inc. v. Davis,* 392 F.Supp. 322, 324 (S.D.Tex.1975); *Milton R. Barrie Co., Inc. v. Levine,* 390 F.Supp. 475, 477 (S.D.N.Y.1975); *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174 (9th Cir. 1969).

### III.

As an alternative ground for the denial of plaintiffs' motion to remand, defendant asserts that removal was proper under § 1441(b) since none of the parties in interest properly joined and served is a citizen of the state of Illinois. In response, plaintiffs assert, and defendant does not deny, that Mr. N. Lindemann, a named defendant in the original complaint, is a citizen of the state of Illinois residing in or around the City of Chicago. Plaintiffs explain that Mr. Lindemann was not served with state court summons initially since the Sheriff was unable to locate him at that time, and that even though Mr. Lindemann's address is currently known to plaintiffs, they have not directed that he be served with federal summons for fear of prejudicing their position in the instant motion for remand.

The question presented, therefore, is whether the language "joined and served" in § 1441(b) is an express limitation, such that where a named resident defendant in a nonseparable controversy has not been served he can be ignored for purposes of removal under § 1441(b). We hold that an unserved resident defendant in a nonseparable controversy cannot be disregarded for purposes of removal.[2]

In *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), the Supreme Court addressed this specific question and stated: 305 U.S. at 541, 59 S.Ct. at 350, 83 L.Ed. at 339 (citations omitted)

> The fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. . . . It may be said that the non-resident defendant may be prejudiced because his codefendant may not be served. On the other hand there is no diversity of citizenship, and the controversy being a non-separable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected. It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove.[3]

---

1. We note parenthetically that even if plaintiffs' 1934 Act claim was in fact separate and independent from the other claims, this Court would not have been able to acquire jurisdiction over that claim through removal, and would have had to dismiss the claim.

   It has long been established that the jurisdiction of a federal court over a case removed from a state court is derivative in nature. As the Supreme Court stated in *Lambert Run Coal Co. v. B & O RR Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671, 675 (1922): "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction . . . the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." The Supreme Court has consistently reaffirmed this principle. See, *General Investment Co. v. Lake Shore & Michigan Southern Ry. Co.,* 260 U.S. 261, 288, 43 S.Ct. 106, 117, 67 L.Ed. 244, 260 (1922); *Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292,

295, 83 L.Ed. 235, 241 (1939); *Freeman v. Bee Machine Co.,* 319 U.S. 448, 451, 63 S.Ct. 1146, 1147, 87 L.Ed. 1509, 1512 (1943). See also, *Steele v. G. D. Searle Co.,* 483 F.2d 339, 342 (5th Cir. 1973), *reh. denied en banc,* 485 F.2d 688 (5th Cir. 1973), *cert. denied,* 415 U.S. 958, 94 S.Ct. 1486, 39 L.Ed.2d 572 (1974); *Patterson v. American Casualty Co., Surety,* 462 F.2d 168, 169 (9th Cir. 1972); 1A Moore's *Federal Practice* ¶¶ 0.157(3) and 0.167(7).

2. From the complaint it appears that N. Lindemann is a salesman for defendant Monex, and was intimately involved in the activities which plaintiffs allege as the basis for this action. We therefore deem it appropriate to characterize plaintiffs' claims against defendants Monex and Lindemann as non-separable.

3. Defendant in the instant action does not assert that the joinder of Lindemann was made in bad faith.

While the precedential value of the 1939 *Pullman* decision has been questioned in light of the 1948 amendment to the statutory language of § 1441(b)—wherein the specific language "and served" was added—see e. g., *Duff v. Aetna Casualty and Surety Co.,* 287 F.Supp. 138, 138–139 (N.D.Okl. 1968), we feel that the better reasoned position, and the position of a majority of federal courts, is that the *Pullman* rule remains intact despite the 1948 amendment, and is grounds for granting remand even though the resident defendant who destroys diversity has not been served. See, e. g., *Clarence E. Morris, Inc. v. Vitek, supra,* 412 F.2d at 1176; *Futurama Import Corp. v. Kaysons Int'l of Miami,* 304 F.Supp. 999, 1001 (D.P.R.1969); *Sands v. Geller,* 321 F.Supp. 558, 562 (S.D.N.Y.1971); 1A Moore's *Federal Practice* ¶ 0.168[3.–2] (2nd edition).

### IV.

In light of the foregoing we need not reach the issues raised by plaintiffs regarding the exclusivity of state court jurisdiction under 15 U.S.C. § 77v(a), the question regarding proper jurisdictional amount in this class action under *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), or the argument concerning discretionary remand under *Murphy v. Kodz,* 351 F.2d 163, 167–168 (9th Cir. 1965). Plaintiffs' motion is granted and this cause is remanded to the Circuit Court of Cook County.