Irving A. GOLDSTEIN, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, Defendant.

No. 75 C 4439.

United States District Court, N. D. Illinois, E. D.

April 1, 1976.

Irving Goodman, Chicago, Ill., for plaintiff.

Peter R. Sonderby and Thomas L. Aldrich, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., for defendant.

## DECISION

McMILLEN, District Judge.

Plaintiff has filed a motion to remand this case to the Circuit Court of Cook County, Illinois where it was originally filed. The motion is resisted by the defendant on the ground that the Complaint in effect alleges a violation of § 10(b) of the Securities Exchange Act and Rule 10b–5 thereunder. If this is such a case, then this court would have exclusive jurisdiction under § 27 of the Securities Exchange Act (15 U.S.C. § 78aa).

A reading of the plaintiff's Complaint which was filed in the Circuit Court of Cook County, Illinois reveals that it is basically a suit for rescission of certain purchases allegedly made by the plaintiff from the defendant, based upon an alleged violation of a fiduciary and confidential relationship between the parties. Plaintiff does not seek damages, other than interest, and does not specifically invoke any provision of the Federal securities acts. He does refer to and incorporate by reference a "suit" filed by the Securities Exchange Commission against the defendant, certain portions of which involve the stock which plaintiff purchased, but the extracts from the S.E.C. Complaint are merely pleaded for the purpose of specifying and buttressing plaintiff's claim of common-law fraud and breach of fiduciary obligations, so far as appears from the complaint.

A plaintiff has the right to choose his cause of action and to waive certain statutory complaints which he might have. *Peterson v. Brotherhood of Locomotive Firemen & Enginemen,* 272 F.2d 115 (7th Cir. 1959). Furthermore, if plaintiff should subsequently convert his State court action into one over which the Federal court has exclusive jurisdiction, then the defendant is not precluded from later removal. See *Great Northern Railway Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918). Under the pleadings as they now stand, however, plaintiff is not attempting to plead or prove a cause of action arising under the Federal securities laws.

The fact that multi-district litigation concerning the defendant's participation in the securities transactions alleged in the Complaint is now pending in the Southern District of New York does not, of course, restrict our power or duty to remand the case at bar to the State court. As a matter of fact, the plaintiff's perception that his Federal court case might well be transferred to New York, at least for all pre-trial purposes, gives added weight to his desire to remain in the State court. Finally, we might also point out that, since § 27 of the Securities Exchange Act grants this court exclusive jurisdiction over claims arising under Rule 10b–5, the State court would have had no original jurisdiction in this case under the defendant's theory, and removal would not have cured this defect. *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.,* 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922). Therefore, to remove plaintiff's case to this court would have ultimately resulted in its dismissal and the necessity for him to refile either here or in the State court, assuming that the statute of limitations did not run on any of his claims in the meantime and assuming further that he chose to state a proper cause of action in one court or the other.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the plaintiff to remand this cause to the Circuit Court of Cook County, Illinois is granted.