**Eveline GOLD, Plaintiff,**

v.

**BLINDER, ROBINSON & CO., INC., Ed Vogel, a/k/a Edward Vogel, a/k/a "John Doe," and Mammatech Corporation, Defendants.**

**No. 83 Civ. 7984 (WCC).**

United States District Court,
S.D. New York.

Feb. 22, 1984.

---

John Nachazel, New York City, for plaintiff; Daniel A. Fried, New York City, of counsel.

Friedman & Shaftan, P.C., New York City, for defendant Blinder, Robinson & Co., Inc.; Wilfred T. Friedman, Sheila A. Chervin, Carl M. Kuntz, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

Plaintiff Eveline Gold ("Gold") instituted this action on April 26, 1983 in New York State Supreme Court, New York County. In her complaint, Gold purports to assert various state law claims arising from the failure of defendant Blinder, Robinson & Co., Inc. ("Blinder") to deliver 25,000 shares of stock in Mammatech Corporation ("Mammatech"), which plaintiff had allegedly contracted to purchase. On November 2, 1983, Blinder removed that action to this Court, claiming that plaintiff was in reality asserting a claim under the

Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78a *et seq.*, over which this Court has original and exclusive jurisdiction. *See* 15 U.S.C. § 78aa. The case is currently before the Court on plaintiff's motion for an order remanding this action to state court, *see* 28 U.S.C. § 1447(a), and for an award of attorney's fees incurred in connection with the motion. *See* Rule 11, F.R.Civ.P.; 28 U.S.C. § 1927. For the reasons stated below, the motion to remand is granted. The application for an award of attorney's fees is, however, denied.

In her complaint, Gold alleges that in November 1982, she accepted defendant's offer to purchase 50,000 shares of Mammatech, a new offering, at a price of $.10 per share. She contends that although she paid for the entire 50,000-share subscription, Blinder attempted to cancel one-half of her order and has delivered only 25,000 shares. Since the date the Mammatech stock was issued, it has allegedly increased in price by at least 375%.

Plaintiff asserts her right to recovery on four separate legal theories—breach of contract, wrongful detention of securities, fraud, and conversion—none of which is grounded upon the federal securities laws. Defendant contends, however, that although plaintiff has not explicitly mentioned the federal securities laws in her complaint, the exclusively federal basis for her claim became clear once she began conducting discovery in the action.

It has long been settled that the party bringing an action is the master of his claim, with power to decide what law he will rely upon. *Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 964 (2d Cir.1981), *quoting The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). For an action to be properly removable, the federal right or immunity must be an essential element of the plaintiff's cause of action and must generally be disclosed upon the face of the complaint, unaided by the answer or the petition for removal. *Pan Am. Pet. Corp. v. Superior Court,* 366 U.S. 656, 663, 81 S.Ct.

1303, 1307, 6 L.Ed.2d 583 (1961); *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *Vitarroz*, 644 F.2d at 964; 14 C. Wright, A. Miller & E. Cooper, Fed.Prac. & Proc. § 3722 at 548–55 (1976). Where a plaintiff alleges facts that would support a claim under either federal or state law, he is normally free to confine his claim to one under state law and proceed in state court. *Pan Am. Corp.*, 366 U.S. at 663, 81 S.Ct. at 1307; *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 575 (7th Cir.1982); *Vitarroz*, 644 F.2d at 964. Thus, if the plaintiff chooses not to assert a federal claim, even though one is available to him, the defendant cannot properly remove the action to federal court on the basis of a federal question. C. Wright, Law of Federal Courts § 38 at 215 (4th Ed.1983). However, a district court is not bound by the labels used in a complaint, and a plaintiff will not be permitted to avoid removal by artful pleading. *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). Thus, if one is necessarily stating a federal cause of action even though he purports to rely upon state law—for example, if the entire area of law is preempted by federal legislation—the action is properly removable regardless of the language of the complaint. *See Kerr-McGee*, 677 F.2d at 575; *In re Carter*, 618 F.2d at 1101; *Teamsters Local Union No. 116 v. Fargo-Moorhead Auto Dealers Assoc.*, 459 F.Supp. 558, 560 (D.N.D.1978); C. Wright, Law of Federal Courts § 38 at 210. *Cf. Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981) (court will not permit plaintiff to use artful pleading to defeat defendant's right to federal forum, and court should determine whether real nature of claim is federal, regardless of plaintiff's characterization).[1]

■ Although Blinder makes much ado about the exclusively federal nature of actions under the 1934 Act, *see* 15 U.S.C. § 78aa, it is clear that the Act does not preempt state law. Indeed, § 28(a) of the 1934 Act, 15 U.S.C. § 15bb(a) (West Supp. 1983), provides in part:

> the rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity .... Nothing in this chapter shall affect the jurisdiction ... of any State over any security· or any person insofar as it does not conflict with the provisions of this chapter or the rules and regulations thereunder.

Thus, existing state remedies are by federal statute coexistent with causes of action created by the 1934 Act.

■ In framing her complaint, Gold has chosen to rely exclusively upon state law remedies to redress the wrongs she allegedly suffered at the hands of Blinder. Her claims for breach of contract, conver-

---

1. I am quite surprised that neither party has cited *Moitie* in its brief. The expansive language of this footnote in *Moitie* leaves many questions unanswered. If taken literally, it casts doubt upon the settled rule that the plaintiff is the master of his claim and can choose not to assert a federal claim even though one may be available to him. *See* C. Wright, Law of Federal Courts § 38 at 217. At its extreme, *Moitie* may well authorize a district court to look beyond the purely state-law language of a complaint—even in a situation where the state claims asserted are not preempted by federal law—to determine that an action is properly removable because the plaintiff could have alleged a cognizable federal claim. However, the Court's discussion of jurisdiction is confined to a single footnote in an opinion otherwise concerned with the *res judicata* effect of a prior judgment, and it has been severely criticized by both Justice Brennan and Professor Wright as being unclear and entirely inconsistent with the law of removal jurisdiction as it has existed for the past one-half century. *See Moitie*, 352 U.S. at 409–10, 101 S.Ct. at 2433–34 (Brennan, J. dissenting); C. Wright, Law of Federal Courts § 38 at 215, 217. Although it is perhaps impossible intellectually to reconcile *Moitie* with established law, it seems proper, absent more direct and fuller consideration of the issue by the Court, to view the result as an aberration, necessary in light of the unusual facts of that case. Nevertheless, in the context of the instant case, it is immaterial whether Gold's claim should be considered federal in nature. Even if I assume that she is asserting a claim for a violation of the Securities Exchange Act of 1934, the action was not, as explained more fully below, properly removed to this Court.

sion, and fraud are all based entirely upon common law principles; in no way are the rights she asserts created by federal law. Moreover, these state law causes of action are wholly consistent with the broad remedial provisions contained in the 1934 Act. I find absolutely no merit in Blinder's suggestion that plaintiff's discovery requests disclose that she is advancing a federal claim under the guise of a state law pleading. Plaintiff's discovery request for documents Blinder is required to keep by federal law does not suddenly convert the underlying claim into a federal cause of action, nor does her reference to federal authorities in support of her position on the discovery motion in state court serve to reveal a concealed federal claim. Further, it would be utterly unrealistic to find, as Blinder proposes, that plaintiff was merely using the state action as a pretext to obtain necessary discovery prior to commencing a federal action under the 1934 Act. Even a cursory review of the conduct alleged in plaintiff's complaint discloses that she could initially have asserted a cause of action cognizable under § 10(b) of the 1934 Act—as well as a possible claim under § 17(a) of the Securities Act of 1933 [2]—if she had so chosen. No discovery was needed prior to commencing such an action in federal court, and once begun, plaintiff could have availed herself of the broad discovery provisions of the Federal Rules of Civil Procedure in an effort to sustain her claim. However, the mere availability of such a cause of action does not permit this Court to require plaintiff, as master of her claim, to assert it. The exclusive jurisdiction of federal courts over claims under the 1934 Act does not bar a plaintiff from pursuing at its option cognate remedies based entirely upon state law. *McMahan Chevrolet, Inc. v. Davis*, 392 F.Supp. 322, 324–25 (S.D.Tx.1975); *Goldstein v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 416 F.Supp. 798, 799 (N.D.Ill.1976); *see, e.g.,*

*Pan Am. Corp.*, 366 U.S. at 663, 81 S.Ct. at 1307; *Vitarroz*, 644 F.2d at 964.

Moreover, even if this Court were to accept Blinder's contention that Gold is asserting a claim under § 10(b) of the 1934 Act, this action was still improperly removed to this Court. It is a well-known principle that the removal jurisdiction of a federal court is derivative of the state court's jurisdiction over the controversy. *See, e.g., Kerr-McGee*, 677 F.2d at 575; C. Wright, Law of Federal Courts § 38 at 212. Thus, "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction had the suit originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1981). Therefore, if Gold were asserting only a claim under the 1934 Act—a claim within the federal courts' exclusive jurisdiction—this Court could not acquire jurisdiction over the case because removal would be based upon a cause of action over which the New York State court did not have subject matter jurisdiction. While this result may appear absurd, the rule that removal jurisdiction is derivative is so well entrenched that several commentators have suggested it will take legislative action to dislodge it. *See Kerr-McGee*, 677 F.2d at 575; 14 C. Wright, A. Miller & E. Cooper, Fed.Prac. & Proc. § 3722 at 576. Defendant's remedy therefore would be to move to dismiss the action in state court on the ground that plaintiff's claim is within the exclusive jurisdiction of the federal courts.

Finally, even assuming, *arguendo*, that the substantive elements of removal jurisdiction are satisfied, I believe that Blinder's attempted removal here was untimely. Under 28 U.S.C. § 1446(b), a defendant is required to file a petition for removal within 30 days after being served

---

**2.** Indeed, the fact that some courts have recognized a private right of action under § 17(a) of the Securities Act of 1933, quite similar to a cause of action under § 10(b) of the 1934 Act would raise some interesting questions if this

Court were to find that Gold is asserting a federal fraud claim. Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), provides that no action commenced under the Act in a state court may be removed.

with a summons or complaint in state court, or, if the case is not removable based upon the initial pleading, within 30 days after receipt of a paper from which it may first be ascertained that the case is removable. Blinder filed its petition for removal on November 2, 1983, more than six months after it was served with a summons and complaint. Although Blinder contends that it first became aware that the action was removable on October 18, 1983—less than 30 days from the date it petitioned for removal—when Gold filed papers in opposition to defendant's motion for a protective order, those motion papers simply do not, as noted above, indicate that plaintiff is pursuing a 1934 Act claim. Indeed, even if I were disposed to conclude that plaintiff is pursuing a 1934 Act claim, I would also conclude that such claim is as apparent from the face of her complaint as it is from the discovery motion; the discovery papers could have added nothing to defendant's awareness of the basis of plaintiff's claim. Thus, in any event, this action was belatedly removed.

Accordingly, for the reasons stated above, the motion to remand is granted. Plaintiff's motion for an award of attorney's fees is, however, denied. Although it is a close question, I do not believe that Blinder's unsuccessful attempt at removal was so devoid of basis or so obviously designed for harassment purposes that it justifies a departure under Rule 11, F.R. Civ.P., from the general American rule that each party should bear his own counsel's fees.

SO ORDERED.