## SEMTEK INTERNATIONAL, INC.

v.

## LOCKHEED MARTIN CORPORATION, Successor by Merger to Martin Marietta Technologies, Inc.

No. Civ.A. CCB–97–2386.

United States District Court, D. Maryland.

Dec. 31, 1997.

Marvin Ellin, Ellin and Baker, Baltimore, MD, for plaintiff.

Francis B. Burch, Jr., Anthony L. Meagher, Piper and Marbury, Baltimore, MD, for defendant.

## MEMORANDUM

BLAKE, District Judge.

This case presents the question whether the res judicata effect of a prior judgment rendered by a federal court sitting in diversity may suffice to create a federal question upon which this court's removal jurisdiction may be based. The plaintiff, Semtek International, Inc. ("Semtek"), has filed a motion to remand this case to the Circuit Court for Baltimore City for lack of jurisdiction, under 28 U.S.C. § 1447(c). No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons that follow, Semtek's motion will be granted and the case remanded.

## BACKGROUND

Prior to filing this action, Semtek on February 26, 1997 sued Lockheed Martin Corporation ("Lockheed") in Los Angeles Superior Court, seeking monetary damages under California law for inducing breach of contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and conspiracy to interfere with prospective economic advantage. Lockheed removed the case to the Central District of California based on diversity jurisdiction. On May 8, 1997, that court dismissed Semtek's claims with prejudice, holding them time-barred under California's two-year statute of limitations.

On July 2, 1997 Semtek filed this suit in the Circuit Court of Baltimore City, alleging the same four causes of action, but under Maryland law, seeking to take advantage of Maryland's three-year statute of limitations.[1] On July 24, 1997 Lockheed filed a notice of removal to this court. Because Lockheed is a Maryland citizen, however, removal based on diversity jurisdiction is not possible, thus leaving federal question as the only possible basis upon which to ground this court's removal jurisdiction. *See* 28 U.S.C. § 1441(b). While recognizing that Semtek's claims themselves present no federal question,

Lockheed argues that jurisdiction is proper because Lockheed plans to assert the defense of res judicata based on the California federal court's judgment.

## ANALYSIS

Because there is no diversity of citizenship alleged, the propriety of removal depends on whether this case falls within the original jurisdiction of the district court under 28 U.S.C. § 1331 as a civil action "arising under" the laws of the United States. 28 U.S.C. § 1441(b); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). As the Fourth Circuit has explained:

In order to determine if an action arises under federal law, we must apply the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Because "[t]he well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction," *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 2847 n. 9, 77 L.Ed.2d 420 (1983), a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" in pleading its case, *Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429.

*Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 231 (4th Cir.1993) (some parallel citations omitted). Ordinarily, therefore, the plaintiff as "the master of his complaint" may select a state forum by choosing to rely on state law claims only, even if the facts alleged also would support a claim under federal law. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1977); *Cheshire v. Coca–Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098, 1100 (D.S.C.1990). While a district court should be cautious in denying defendants

1. Whether it can do so in light of the California judgment will not be decided by this court.

access to a federal forum because remand orders are generally unreviewable, *see Cheshire*, 758 F.Supp. at 1100, it is also true that removal jurisdiction raises "significant federalism concerns," and therefore must be strictly construed. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). The burden of establishing federal jurisdiction is on the party seeking removal. *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

 Lockheed claims that the "artful pleading" exception to the well-pleaded complaint rule establishes removal jurisdiction here. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981). In *Moitie*, the plaintiffs, having had their federal antitrust claims dismissed in federal court, refiled in state court alleging violations of state antitrust law based on similar allegations, and the case was removed. The Supreme Court affirmed that removal in a footnote, agreeing with the Ninth Circuit that the plaintiffs "had attempted to avoid removal jurisdiction by 'artful[ly]' casting their 'essentially federal law claims' as state-law claims. We will not question that factual finding." *Id.* (quoting appellate court) (alteration in original). Having concluded that jurisdiction was proper, the Court then proceeded to the merits, which presented an issue of res judicata.

The basis for removal jurisdiction in *Moitie* was not clearly explained by the Court, and has since puzzled both courts and commentators. *See, e.g., Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1373 (9th Cir.1987) (reviewing possible grounds supporting removal jurisdiction in *Moitie*); 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3722, at 305 n. 108 (2d ed.1985); Robert A. Ragazzo, *Reconsidering the Artful Pleading Doctrine*, 44 Hastings L.J. 273, 312 (1993) (footnote is "cryptic"). Given that the Court in no way conditioned its finding of jurisdiction on whether res judicata would bar the plaintiff's claim on the merits, it

seems unlikely that the Court intended to work so substantial a change in the well-pleaded complaint rule with so little analysis, and to do so in a footnote. *See id.* ("The Supreme Court in [*Moitie*] did not connect the removal issue with the res judicata issue. It held that jurisdiction existed prior to examining the merits of the res judicata issue."). Several courts have reasoned, however, that the artful pleading/removal holding in *Moitie* must be grounded in the res judicata effects of the prior federal judgment, for lack of any other workable explanation. *See Sullivan*, 813 F.2d at 1376 ("The Supreme Court dedicated most of its opinion to res judicata, giving cursory treatment to removal. *Moitie* can thus be construed as permitting removal only of state claims filed to circumvent the res judicata impact of a federal judgment."); *Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 362, 370 (5th Cir. 1995) ("If there was any federal character at all to the plaintiffs' state-law claims in *Moitie*, it must be the federal law of preclusion."); *but see Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754, 760–61 (2d Cir.1986) (adopting a plaintiff's choice of forums rationale rather than one based on res judicata, reading *Moitie* as holding that the plaintiff's initial choice to proceed in federal court on federal claims barred his later attempt to proceed in state court on functionally the same claims which were recharacterized under state law); *Gold v. Blinder, Robinson & Co., Inc.*, 580 F.Supp. 50, 53 n. 1 (S.D.N.Y. 1984) ("Although it is perhaps impossible intellectually to reconcile *Moitie* with established law, it seems proper, absent more direct and fuller consideration of the issue by the Court, to view the result as an aberration....").

But whatever rationale actually supported removal in *Moitie* —and the Supreme Court may clarify that question in the not-too-distant future, *see Rivet v. Regions Bank of Louisiana, F.S.B.*, 108 F.3d 576, 586 (5th Cir.1997) (holding that preclusive effect of bankruptcy court's order canceling a mortgage provided federal question supporting removal jurisdiction in subsequent suit to enforce the canceled mortgage under state law), *cert. granted* —— U.S. ——, 118 S.Ct. 31, 138 L.Ed.2d 1060 (1997) *Moitie* involved

the recharacterization under state law of claims originally brought as federal claims. Semtek, unlike the plaintiffs in *Moitie* who first alleged violations of federal antitrust law, has never alleged anything remotely resembling a federal claim, for both its California and Maryland complaints alleged only state law business torts. Therefore, *Moitie* "cannot confer federal jurisdiction here, because [Semtek has] no 'essentially federal' claim to recharacterize...." *Rivet*, 108 F.3d at 594 (Jones, J., dissenting) (quoting *Moitie*, 452 U.S. at 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103). "How can the artful pleading doctrine apply if [Semtek's] claims can not be recharacterized into an essentially federal claim that has been omitted by artful pleading?" *Id.* at 595 (Jones, J., dissenting); *see also Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1416 (9th Cir.1990) ("Recharacterization must occur.").

The Ninth Circuit has addressed the same question presented here, specifically whether removal jurisdiction may be based on the preclusive effects of a prior federal judgment on state claims. *See Ultramar*, 900 F.2d 1412. The court reasoned that an "artfully pleaded claim is one that in reality arises under federal law." *Id.* at 1415. Because "one cannot sue in federal court on a claim of federal res judicata, ... [i]n such a situation there is not a federal claim in sight, and removal is impermissible even though res judicata probably bars the suit." *Id.* at 1415–16. The court held "that when the prior federal judgment was grounded in state law, the state claims contained in a subsequent action filed in state court cannot be recharacterized as federal for purposes of removal." *Id.* at 1417; *see also Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island*, 942 F.Supp. 740, 748 (D.R.I. 1996) ("Generally, circuit courts have limited *Moitie* to its facts, reading the case as expressing only a modest expansion of the artful pleading doctrine. The circuits have viewed Moitie as extending artful pleading only to those instances where claims previously filed as federal claims in federal court are resubmitted in state court as state law claims.").

Thus, applying *Moitie* in a context where it is impossible to conclude that a plaintiff's previously dismissed federal claims were merely recharacterized as state claims would extend that case too far beyond its facts, given the lack of a clearly expressed rationale in *Moitie* for its removal holding, the fact that *Moitie* did not connect the removal issue with the res judicata issue, the potential to undercut the well-pleaded complaint rule, and the significant federalism concerns raised by removal. "The twist that *Moitie* gave to the [artful pleading] doctrine ..., especially since it appears only in a footnote, should be narrowly construed in the interest of maintaining comity between the federal government and the states and keeping federal jurisdiction within the limits prescribed by Congress." *In Re Brand Name Prescription Drugs*, 123 F.3d 599, 613 (7th Cir.1997), *petition for cert. filed*, 66 U.S.L.W. 3355 (U.S. Nov. 5, 1997) (No. 97–775); *see also Redwood Theatres v. Festival Enter.*, 908 F.2d 477, 480 (9th Cir.1990) (explaining that it construes *Moitie* "narrowly, out of respect for the purposes underlying the removal statute and plaintiffs' prerogatives to choose the forum and legal principles governing their complaints"); *United Jersey Banks v. Parell*, 783 F.2d 360, 368 (3d Cir.1986) ("Unless applied with circumspection, the artful pleading doctrine may raise difficult issues of federal-state relations. An expansive application of the doctrine could effectively abrogate the rule that a plaintiff is master of his or her complaint."); *cf.* Ragazzo, 44 Hastings L.J. at 313 (arguing that "the federal interest in enforcing a diversity judgment is not as significant as the federal interest in enforcing a federal question judgment").

A separate Order follows.

## ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. the plaintiff's motion to remand to the Circuit Court for Baltimore City is **GRANTED**;

2. copies of this Order and the accompanying Memorandum shall be mailed to counsel of record; and

3. the clerk of the court shall **CLOSE** this case.