Roberta Zucker **MERTAN**, Plaintiff,

v.

**E.R. SQUIBB & SONS, INC., and The Upjohn Company, Defendants.**

**No. CV 80–2976–AAH.**

United States District Court,
C.D. California.

July 11, 1980.

Haight, Dickson, Brown & Bonesteel by Robert L. Dickson, Santa Monica, Cal., for petitioner E.R. Squibb & Sons, Inc.

Memering & DeMers by John W. Jeffrey, Sacramento, Cal., for Co-Petitioner The Upjohn Co.

Schlifkin & Papell by Robert S. Schlifkin, Los Angeles, Cal., for respondent Roberta Zucker Mertan.

## ORDER

### DENYING PETITION FOR REMOVAL WITH PREJUDICE and REMANDING ACTION TO STATE COURT

HAUK, District Judge.

This matter comes before the Court *sua sponte* and upon its own motion, for ruling and order. The Court has read, examined, analyzed and considered the following:

1. PETITION FOR REMOVAL OF CAUSE FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES filed on July 9, 1980, seeking removal of Los Angeles Superior Court Case No. C 111–283, currently and for the last eight weeks on trial in said State Superior Court, Department 39, the Honorable William A. Drake, Judge Presiding.

2. The papers, points and authorities filed therewith, including ORDER REMANDING ACTION made, filed and entered here in this United States District Court, Central District of California, by our brother Judge, the Honorable Malcolm M. Lucas, on July 3, 1980, remanding the aforesaid State proceeding to the State Superior Court, under the same title but under the No. CV 80–2828–MML.

3. JOINDER OF THE UPJOHN COMPANY IN PETITION FOR REMOVAL FILED BY E.R. SQUIBB & SONS, INC., filed on July 9, 1980.

4. AFFIDAVIT OF EMMETT JOHN GANTZ IN SUPPORT OF PETITION FOR REMOVAL OF CAUSE FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES (Los Angeles Superior Court Case No. C 111–283).

The Court finds the following facts to be true and correct:

1. This Petition for Removal filed July 9, 1980 is the *second* one filed improvidently and without jurisdiction, and constitutes grave misuse and intolerable abuse of the process of the United States District Court, Central District of California.

2. This *Second* Petition for Removal has resulted in the *second* removal of the State proceeding No. C 111–283, Los Angeles County Superior Court, Hon. William A. Drake, Judge Presiding, Department 39. The *First* Petition for Removal, filed on June 27, 1980, under C.D.Cal. No. CV 80–2828–MML, resulted in the *first* removal of this State proceeding, which removal was nullified by Judge Lucas on July 3, 1980, by his ORDER REMANDING ACTION, sending back the State proceeding to the State Court on the grounds that it was improvidently removed, and without jurisdiction. 28 U.S.C. § 1447(c).

3. The same facts upon which Judge Lucas found that he was mandatorily required to remand the State action to the State Court still exist and we now find the facts here to be identical with the facts Judge Lucas found there, to wit:

(a) In the State proceeding, trial started on May 2, 1980, and the *First* Petition for Removal was not filed until June 27, 1980, after eight weeks of trial in the State Court.

(b) Despite virtually identical allegations, in both the *first* removal to Judge Lucas and in the *second* removal now being considered by this Court (Judge Hauk), it is clear that the essential complete diversity between plaintiff and all defendants necessary for removal to Fed-

eral court does not exist. In fact, the defendant Boyle & Co. has not yet been dismissed from the State action and is still a viable defendant whose California State citizenship is uncontested and indeed incontestable. At the time plaintiff orally in open court settled with defendant Boyle & Co. on June 27, 1980, Judge Drake in the State action ordered counsel to prepare and file a proposed written Dismissal pursuant to applicable California law and court rules. And in accordance with such State law and court rules, the written Dismissal is the only effective order the State Court can make or that is legally enforceable. Cal.Civ.Proc. Code § 581d; Rule 232(h) Calif.Rules of Court. To this present date of July 10, 1980, the State Court has not signed or filed any such written Dismissal, nor could it because of the two ten-day periods for filing of the proposed written Dismissal and objections thereto. Rule 232(h) Calif.Rules of Court. *See also:* Rule 7(f)(3), Local Rules of the Central District of California. Therefore, as Judge Lucas found and as we now find, this Federal Court is without jurisdiction because there is the clear absence of complete diversity.

From these facts so found, this Court must and does now conclude as follows:

1. The State proceeding herein was removed improvidently, and without jurisdiction, complete diversity being absent.

2. The Court is under a statutory duty to remand the State proceeding to the State Court, the operative language being: "the district court shall remand the case." 28 U.S.C. § 1447(c). Moreover, the Order of Judge Lucas in the prior removal is *res judicata* and constitutes collateral estoppel here because Judge Lucas' order decides the identical issues of fact and law between the identical parties involved here.

3. The Petition for Removal filed herein is a poorly disguised and flagrant misuse of the process and facilities of this United States District Court and presents an egregious example of abuse in an abortive attempt at "judge-shopping" in the Federal court system.

4. Not only has a grave injustice been perpetrated upon the plaintiff, but the patience of the State court judge must now be stretched to the breaking point. These successive but unsuccessful filings by defendants demand that this Court exercise its discretion in awarding and ordering the payment of just costs to the plaintiff and plaintiff's counsel, as well as to the California State Superior Court, for the necessary and reasonable expenses incurred by them because of the unwarranted delay in the trial of the State proceeding and the forced preparation of opposing pleadings caused by these oppressive and futile actions in this Federal Court initiated by defendant and defendants' counsel.

5. Such impermissible litigousness of defendants and defendants' counsel is a waste of judicial time and resources, both State and Federal, that cannot be condoned and will not be tolerated, and has been carried on in transparent bad faith, vexatiously, wantonly and for obviously oppressive reasons.