### Ronnie D. SHEPPARD

v.

### EXXON COMPANY, USA.

### Civ. A. No. 90–595–B.

United States District Court,
M.D. Louisiana.

Oct. 19, 1990.

---

John I. Tyler, Baton Rouge, La., for Ronnie D. Sheppard.

John R. Schupp, T. Kelly Wetzel, New Orleans, La., Charles S. McCowan, Jr., G. William Jarman, Neil D. Sweeney, David K. Nelson, Kean, Miller, Hawthorne & Jarman, Baton Rouge, La., for Exxon Co. USA.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This action arises out of an explosion at the Baton Rouge Exxon Refinery on December 24, 1989. Plaintiff originally filed this suit in the Baton Rouge City Court. Thereafter, Exxon timely removed the suit to this Court pursuant to 28 U.S.C. § 1446(a). The plaintiff has now filed a motion to remand.

■ The unique issue presented in this case is whether a suit which is filed in Baton Rouge City Court, which has a statutory jurisdiction limitation of $10,000.00, may be removed to federal court if the plaintiff also seeks punitive damages. To resolve this issue, the Court must determine whether "penalties," as used in article 4841(B) of the Louisiana Code of Civil Procedure, include punitive damages.

Exxon contends the Court has subject matter jurisdiction under 28 U.S.C. § 1332. The provisions of 28 U.S.C. § 1332 set forth two requirements which must be met for the federal court to have diversity jurisdiction. The first, which is not contested in this action, is that complete diversity exist between the parties.[1] The second requirement is that the amount in controversy must exceed $50,000.00, exclusive of interest and costs.

Plaintiff argues that the amount in controversy could not possibly exceed $50,000.00. The statutory limit of a suit filed in the Baton Rouge City Court is $10,000.00.[2] Thus, plaintiff contends that his recovery in city court is limited to $10,000.00, which is clearly below the $50,000.00 statutory requirement for this Court to have diversity jurisdiction under § 1332.

■ In response to plaintiff's motion to remand, Exxon argues that, because the plaintiff has sought recovery of punitive damages, the city court may award an amount in excess of $10,000.00. Defendant bases this argument on articles 4841 and 4843(A) and (B) of the Louisiana Code of Civil Procedure. Article 4843 provides:

A. The civil jurisdiction of a city court is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed ten thousand dollars.

"Amount in dispute" is then defined by Article 4841, which states:

B. For the purposes of this Chapter, the amount in dispute is determined by the amount demanded or value asserted

---

1. Plaintiff is a citizen of the State of Louisiana. Defendant is incorporated under the laws of the State of New Jersey with its principal place of business in the State of New York.

2. La.Code Civ.P. art. 4843(A).

in good faith by the plaintiff, but does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law. (Emphasis added)

Thus, Exxon contends that "penalties," as used in the definition of amount in dispute, includes punitive damages, which is not limited by the $10,000.00 jurisdictional limitation of the city court.

This Court disagrees with Exxon's argument. The only authority Exxon cited in support of its position is a case from the Louisiana Supreme Court which concludes that exemplary or punitive damages are not compensatory damages but are in the form of penalties.[3] However, the court in *Seale* was not addressing the definition of penalties under article 4841(B). Instead, that court was simply stating the general rule that punitive damages are intended to penalize a defendant rather than compensate a plaintiff.

Unfortunately, the Court could not find any legislative history which would assist it in determining the issue before the Court. However, after analyzing the various articles of the Louisiana Code of Civil Procedure which pertain to city court, the Court finds that the legislature did not intend to include punitive damages in "penalties" as that word is used in article 4841(B). Thus, the Court finds that "penalties" under 4841(B) does not include punitive damages. Rather, punitive damages are included in the general term "damages" under article 4843(A). Therefore, damages in city court, whether compensatory or punitive, are limited by the $10,000.00 jurisdictional limitation set forth in 4843(A). The Court's conclusion is supported by a decision rendered by the Louisiana Court of Appeal for the First Circuit in *Bauer v. White*.[4] In *Bauer*, which was also a city court case, the plaintiff sought general and punitive damages as well as penalties and attorney's fees. It is clear from this opinion that both the city court and the appellate court treated general damages, exemplary or punitive damages, and penalties and attorney's fees separately.[5] Thus, "penalties" and "punitive damages" are two different items of recovery.[6]

Since this Court concludes that plaintiff's recovery in city court for general and punitive damages is limited to $10,000.00, this case does not meet the amount in controversy requirements of 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction under § 1332.

■ The Court shall treat the plaintiff's opposition as a judicial admission that he will not seek nor accept any damages, whether compensatory or punitive, which may be rendered by the city court in excess of $10,000.00. Should plaintiff attempt to seek more than $10,000.00 or should plaintiff accept or seek to enforce a judgment in excess of $10,000.00, the Court shall consider the plaintiff's counsel's statement to be a fraud on the court. Therefore, appropriate sanctions shall be imposed as permitted under the Federal Rules of Civil Procedure, including disbarment from this Court, contempt of court, and monetary fines.

Because the Court finds the actions of the defendant in removing this case to federal court to be plausible and this is apparently a case of first impression, plaintiff's request for sanctions is denied.

Therefore:

IT IS ORDERED that the plaintiff's motion to remand be, and the same is hereby, GRANTED.

3. *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988).

4. 532 So.2d 506 (La.App. 1st Cir.1988).

5. The appellate court stated at 532 So.2d at 507:
The trial court rendered judgment in favor of Bauer and against White and State Farm in the amount of $5,000 general damages, $5,000 exemplary damages and for all costs in the proceedings. **Additionally,** the trial court awarded Bauer $600 **penalties** and $2,081.25

attorney fees against State Farm. (Emphasis supplied)
This judgment was affirmed except for the award of attorney's fees which was increased.

6. Although the Bauer opinion does not specifically state that the recovery was capped by the statutory jurisdiction of the city court, it is interesting to note that the city court's total award, compensatory and punitive, was exactly $10,-000.00.

IT IS FURTHER ORDERED that the plaintiff's motion for sanctions be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that this case is remanded to the Baton Rouge City Court.

Judgment shall be entered accordingly.