Jack BARKER, Plaintiff,

v.

**JOHN DEERE INSURANCE COMPANY, Defendant.**

Civil Action No. 3:95–cv–723WS.

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 22, 1996.

---

Paul E. Rogers, Davis & Rogers, Jackson, MS, for plaintiff.

Ken R. Adcock, Bonnie Joye Bridgers, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, MS, for defendant.

## *ORDER*

WINGATE, District Judge.

Before the court is plaintiff's motion to remand this removed lawsuit to the County Court of Madison County, Mississippi, where it originated. Plaintiff's motion to remand is brought under Title 28 U.S.C. § 1447(c).[1] This cause of action arises pursuant to a dispute between the parties over the disputed coverage of defendant's insurance policy

---

[1]. Title 28 U.S.C. § 1447(c) provides:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the state court. The state court may thereupon proceed with such case.

for damages to a vandalized John Deere 8820 combine and certain accessories owned by plaintiff Jack Barker, a Mississippi resident. Plaintiff filed a complaint in the County Court of Madison County, Mississippi, naming John Deere Insurance Company, a nonresident corporation doing business in the State of Mississippi, as the defendant. In the complaint, plaintiff alleged that despite the existence of a valid and binding insurance contract, defendant failed and refused to pay plaintiff for the vandalized combine; that the defendant failed to conduct a thorough investigation concerning plaintiff's claim; and that defendant, through its agents, ignored the true facts concerning plaintiff's claim. Plaintiff asserts that he has suffered damages in the amount of $49,999.00 including prejudgment interest and the amounts paid for the repairs.

On September 28, 1995, the defendant removed this action to this court pursuant to Title 28 U.S.C. § 1332 [2] and 1441.[3] Defendant contends that here there is diversity of citizenship and the requisite amount in controversy, even though, says defendant, plaintiff has attempted to evade this court's jurisdiction by suing for $1.01 less than the jurisdictional amount.

Plaintiff contests this assertion and has filed a motion to remand which is the triggering event for this opinion. Having considered the motion, as well as the memoranda of the parties, this court is persuaded to grant plaintiff's motion and to remand this action to the County Court of Madison County, Mississippi.

█ In order for a defendant to effect proper removal of a case from state court to federal district court, the action must be one over which the federal district court has original jurisdiction. *See* Title 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over those actions where there exists complete diversity of citizenship and where the matter in controversy exceeds $50,000.00, exclusive of costs and interest. *See* Title 28 U.S.C. § 1332. When removing an action to the federal court, the defendant bears the burden of proving both complete diversity and that the amount in controversy exceeds $50,000.00, exclusive of costs and interest. *Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Laughlin v. Prudential Insurance Co.,* 882 F.2d 187 (5th Cir.1989); *Willy v. Coastal Corp.,* 855 F.2d 1160 (5th Cir.1988); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981). Relative to the jurisdictional amount, plaintiff can counter defendant's proof by showing to a legal certainty that he will not be able to recover this court's jurisdictional amount. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411–1412 (5th Cir.1995). Among other ways, the plaintiff's legal certainty obligation may be met by citing a state statute prohibiting recovery of damages exceeding those stated in the ad damnum clause or by relying upon a state statute that prohibits the ad damnum clause from being amended. *Id.* at 1412. Plaintiff may also show that based upon the facts pleaded in the complaint a trier of fact and damages would be unwarranted in awarding a sum in excess of $50,-000.00. *Cedus v. Asplundh Tree Expert Co.,* 759 F.Supp. 319, 321 (W.D.La.1990) (in back injury case, court denied motion to remand where the court found that in similar Louisiana cases back injuries were found to be worth more than $50,000.00).

█ In his motion to remand, plaintiff contends that this cause should be remanded for two reasons. First, plaintiff contends that his sworn affidavit, stating that he has no intention of requesting more than $50,000.00

---

2. Title 28 U.S.C. § 1332 provides in pertinent part:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
   (1) citizens of different States;

3. Title 28 U.S.C. § 1441 provides in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in state court of which the district court of the United States has original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

in state court, attached to the motion is sufficient to warrant the remand of this case.

■ Secondly, plaintiff contends that because his complaint was filed in the County Court, as opposed to the Circuit Court, his relief automatically is limited to $50,000.00 or less. Says plaintiff, Mississippi's County Courts are courts of general jurisdiction, limited by statute to awarding damages of no more than $50,000.00. *See* Miss.Code Ann. § 9–9–21.[4] Hence, says plaintiff, he is precluded by state statute from recovering in excess of $50,000.00. While this argument has attractive face value, this court finds therein a flaw. Should this court adopt this position, in effect this court would be holding that state court cases filed in Mississippi's County Courts could never be removed to federal court. The focus of removal relative to the jurisdictional amount is not the maximum relief a state court could provide; rather, the focus is whether the plaintiff's complaint pleads a matter in controversy in excess of $50,000.00.

■ Nevertheless, persuaded by the combined effect of plaintiff's offered reasons, the court will grant the plaintiff's motion to remand. This court treats the two above-described averments as plaintiff's assurance to this court that he will not seek nor accept any damages which may be rendered by the County Court in excess of $50,000.00. In *Sheppard v. Exxon,* 760 F.Supp. 92, 94 (M.D.La.1990), the Court there held a similar averment (plaintiff contended that his recovery in city court was limited by statute to $10,000.00) to be an admission. In the event the plaintiff does attempt to seek more than $50,000.00 or if plaintiff accepts or seeks to enforce a judgment in excess of $50,000.00, this court shall consider the plaintiff's counsel's statement to be fraud on the court and impose appropriate sanctions as permitted under the Federal Rules of Civil Procedure which may include, but are not limited to,

disbarment, contempt of court, and monetary fines.

■ Plaintiff asks the court to award him the payment of attorney fees incurred as a result of the improper removal. Ordering the payment of attorney fees is generally within the sound discretion of the court, *American Oil Co. v. Egan,* 357 F.Supp. 610, 614 (D.C.Minn.1973), and where a defendant removes a case in bad faith, the court may order costs against the removing party. *Algonquin Gas Transmission Co. v. Gregory,* 105 F.Supp. 64, 66 (D.C.Conn.1952). Furthermore, where the reasons for removal are so devoid of basis or obviously designed for harassment purposes, on remand the removing party can be required to pay attorney fees. *Gold v. Blinder Robinson & Co., Inc.,* 580 F.Supp. 50, 55 (S.D.N.Y.1984). *See also Mertan v. E.R. Squibb & Sons, Inc.,* 581 F.Supp. 751, 753 (D.C.Ca.1980). This court finds that such an award is not proper here, finding that defendant's removal was rooted in good faith. Had plaintiff not filed the sworn affidavit which this court considered along with plaintiff's decision to file his action in the Madison County Court, this court very well may have denied plaintiff's motion to remand.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this action be remanded to the County Court of Madison County, Mississippi.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiff's motion for attorney fees and expenses be denied.

**SO ORDERED AND ADJUDGED.**

---

4. Section 9–9–21 of the Mississippi Code Annotated provides in pertinent part:

(1) The jurisdiction of the county court shall be as follows: It shall have jurisdiction concurrent with the justice court in all matters, civil and criminal, of which the justice court has jurisdiction; and it shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Fifty Thousand Dollars ($50,-000.00)....