**GANNETT RIVER STATES PUBLISHING CORPORATION, Plaintiff,**

v.

**MISSISSIPPI STATE UNIVERSITY; Donald W. Zacharias, In His Official Capacity as President of Mississippi State University and Custodian of Athletic Records; Larry Templeton, In His Official Capacity of Athletic Director of Mississippi State University and Custodian of Athletic Records; and The Board of Trustees of State Institutions of Higher Learning, Defendants.**

Civil Action No. 3:95–cv–726WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 29, 1996.

<hr/>

Leonard D. Van Slyke, Jr., Alston, Rutherford, Tardy & Van Slyke, Jackson, MS, for Gannett River States Publishing Corporation.

Johnnie M. Haley, Mississippi State University, Mississippi State, MS, for Mississippi State University, Donald W. Zacharias, Larry Templeton.

Robert G. Jenkins, Mississippi Attorney General's Office, Jackson, MS, for The Board of Trustees of State Institutions of Higher Learning.

### MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the plaintiff under Title 29 U.S.C. § 1447[1] to remand this case to the Chancery Court of the First Judicial District of Hinds County, Mississippi, where it originated. On August 31, 1995, plaintiff, Gannett River States Publishing Corporation (Gannett), filed a complaint in the Chancery Court of the First Judicial District of Hinds County, Mississippi, naming as defendants Mississippi State University (MSU); Donald W. Zacharias (Zacharias), MSU president; Larry Templeton (Templeton), MSU athletic director; and the Board of Trustees of the State Institutions of Higher Learning (The Board). In its complaint, plaintiff, the publisher of The Clarion Ledger Newspaper, alleged that defendants willfully and knowingly denied plaintiff access to a non-exempt public record in violation of the Mississippi Public Records Act, Miss Code Ann. §§ 25-61-1 through 21-61-17 (Supp. 1995).

The alleged public record at issue is a letter of inquiry, dated July 18, 1995, from the National Collegiate Athletic Association (NCAA) addressed to Mississippi State Uni-

---

1. Title 29 U.S.C. § 1447 provides in pertinent part:

(c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.

versity (MSU). In this letter, the NCAA discusses infractions of NCAA rules allegedly committed by MSU students and alumni. Although the defendants have released portions of the letter, defendants have refused to disclose to the public those portions of the letter which identify the specific students and alumni charged by the NCAA of having violated NCAA strictures. Claiming entitlement to the letter of inquiry without redactions of names and identities, the plaintiff herein seeks access to the complete letter and asks the court to award it the One Hundred Dollar ($100.00) statutory penalty and all reasonable expenses incurred by the bringing of this lawsuit.

On September 29, 1995, defendants removed this action to this court pursuant to Title 28 U.S.C. §§ 1331[2] and 1446.[3] Defendants contend that plaintiff's claims against defendants present a federal question and are removable as such, insomuch as plaintiff's claims arise under the laws of the United States, specifically under the Family Educational Rights and Privacy Act ("FERPA"), Title 20 U.S.C. § 1232g and its resultant federal regulations found at 34 C.F.R. Part 99. Therefrom, defendant concludes that this court has original jurisdiction of this cause of action.

Plaintiff contests this assertion and has filed a motion to remand which is the triggering event for this opinion. Having carefully considered the motion, as well as the memoranda of the parties, this court is persuaded that the plaintiff's motion should be granted and that this case should be remanded to the Chancery Court of the First Judicial District of Hinds County.

■ A defendant may effect proper removal of a case from state court to federal district court where the action is one over which the federal district court has original jurisdiction. See Title 28 U.S.C. § 1441(a).

A federal district court has original jurisdiction over those civil actions arising under the Constitution, laws or treaties of the United States. See Title 28 U.S.C. § 1331. However, a defendant cannot remove such a case to federal court unless the plaintiff's complaint establishes that the cause "arises under" federal law. Franchise Tax Bd. v. Const. Laborers Vac. Trust, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983). The phrase "arises under" has a specific and special connotation under § 1331. An action arises under federal law for purposes of federal question jurisdiction "if it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." MCI Telecommunications v. Credit Builders, 980 F.2d 1021 (5th Cir.1993), quoting Gully v. First National Bank, 299 U.S. 109, 117, 57 S.Ct. 96, 99–100, 81 L.Ed. 70 (1936). See also New Orleans Public Service v. City of New Orleans, 782 F.2d 1236, 1240 (5th Cir.1986), citing Franchise Tax Bd. v. Const. Laborers Vac. Trust, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983) (a case "arises under" federal law when "in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law."). However, a case does not arise under federal law on the basis of an anticipated or even an inevitable federal defense. Carpenter v. Wichita Falls Independent School District, 44 F.3d 362, 366 (5th Cir.1995). Consequently, removal is improper where plaintiff's complaint merely asserts that federal law deprives the defendant of a defense he may raise, Franchise Tax Bd., 463 U.S. at 12, 103 S.Ct. at 2847 (1983), citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) ("Although such allegations show that

**2.** Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**3.** Title 28 U.S.C. § 1446 provides in pertinent part:
    (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, and orders served upon such defendant or defendants in such action.

very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action arises under the Constitution"), or that a federal defense the defendant may raise is insufficient to defeat the claim. *Tennessee v. Union & Planters Bank,* 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894). *See also Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Baker v. Farmers Elec. Co-op., Inc.,* 34 F.3d 274 (5th Cir.1994); *Anderson v. American Airlines, Inc.,* 2 F.3d 590 (5th Cir.1993); *Diaz v. McAllen State Bank,* 975 F.2d 1145 (5th Cir. 1992); *Prudential–Bache Securities, Inc. v. Fitch,* 966 F.2d 981 (5th Cir.1992).

█ In its motion to remand, plaintiff contends that this cause of action should be remanded because it is based, as clearly stated in the complaint, on the Mississippi Public Records Act, codified at Miss.Code Ann § 25–61–1 through § 25–61–17. Plaintiff argues that any mention of the FERPA codified at Title 20 U.S.C. § 1232g is merely to explain and to reject defendants' anticipated defense for refusing to release the public record.

Having carefully reviewed the complaint, this court holds that the complaint clearly demonstrates that the claim for relief is based upon state law. In its complaint at paragraph 6, plaintiff states:

6. Donald Dodd, Sports Editor of The Clarion Ledger, requested the redacted material from counsel for the Defendants, and was told that the material may be precluded from disclosure by the Family Education Rights Privacy Act [sic] ("FER-PA").

Then, in paragraphs 8 and 9 of the complaint, plaintiff states:

8. The information requested is a public record in the possession of a public body, within the meaning of Miss.Code Ann. § 25–61–3 (1972). As such, it is within the purview of the Public Records Act, Miss. Code Ann. §§ 25–61–1 through –17 (1972 & Supp.1995), and subject to disclosure.

9. FERPA does not prohibit the dissemination of the information requested, as the information does not constitute "educational records" within the ambit of the Act. FERPA is intended to protect records related to academic performance, financial aid, or scholastic probation.

The only mention of federal law in the complaint was in anticipation of a defense defendants used when plaintiffs originally requested unredacted records and before the initial complaint was filed. Thus, the complaint does not arise out of federal law, this court does not have original jurisdiction, and removal is, therefore, improper.

█ Plaintiff asks the court to award it the payment of costs and attorney fees incurred as a result of this removal pursuant to Title 28 U.S.C. § 1447(c) which permits an award of "just costs" if the district court finds that "the case was removed improvidently and without jurisdiction." Where a defendant removes a case in bad faith, the court may order costs and attorney fees against the removing party, *Algonquin Gas Transmission Co. v. Gregory,* 105 F.Supp. 64, 66 (D.C.Conn.1952), as also where the reasons for removal are so devoid of basis or obviously intended to harass the plaintiff. *Gold v. Blinder Robinson & Co., Inc.,* 580 F.Supp. 50, 55 (S.D.N.Y.1984). *See also Mertan v. E.R. Squibb & Sons, Inc.,* 581 F.Supp. 751, 753 (D.C.Ca.1980). Since an award of attorney fees and costs is within the discretion of the court, *American Oil Co. v. Egan,* 357 F.Supp. 610, 614 (D.Minn.1973), the court is not limited to a finding of bad faith, negligence or frivolousness. *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). Indeed, Title 28 U.S.C. § 1447(c), by its language, does not require bad faith as a precondition to an award of attorney fees and costs. *News–Texan, Inc. v. City of Garland, Texas,* 814 F.2d 216, 220 (5th Cir.1987).

█ This court holds that here an award of costs and attorney fees is warranted, not on grounds of bad faith or harassment, but because plaintiff simply should not have to bear the expenses of defendants' improvident removal. As earlier stated, these matters are within the court's discretion and awards of attorney fees and costs need not be depen-

dent solely upon a finding of bad faith. *News–Texan, Inc. v. City of Garland, Texas, supra.* Accordingly, by **Friday, March 15, 1996,** plaintiff shall furnish to the court and counsel opposite an itemized bill of costs and attorney fees necessarily incurred pursuant to this removal dispute. This court hereby remands the lawsuit, but retains jurisdiction solely over the matter of costs and attorney fees.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this lawsuit be remanded to the Chancery Court of the First Judicial District of Hinds County, Mississippi.

**IT IS FURTHER ORDERED AND AD-JUDGED** that plaintiff be awarded payment of costs and attorney fees necessarily incurred as a result of defendants' improvident removal. Plaintiff shall submit his itemized cost bill by **Friday, March 15, 1996.** Defendant shall respond within the time allowed under the rules. This court shall retain jurisdiction only over this matter of costs and attorney fees.