**Caprice KENT, Individually and as guardian, parent, and next friend of the minor, Mallaree Kent, and the State of Mississippi, Office of the Governor, Division of Medicaid Plaintiffs**

v.

**FORD MOTOR COMPANY, Trace City Ford, Lincoln Mercury, Inc, and Natchez Ford Lincoln Mercury, Inc. Defendants**

No. CIV.A. 501CV379BN.

United States District Court,
S.D. Mississippi,
Western Division.

Jan. 16, 2002.

S. Robert Hammond, Jr., Bryant, Clark, Dukes, Blakeslee Ramsay & Hammond, Hattiesburg, Dennis C. Sweet, III, Langston, Sweet & Freese, P.A., Michael T. Jaques, Law Office of Michael T. Jaques, Jackson, Philip E. Carby, Philip E. Carby, Attorney, Natchez, Alyssa W. Silberman, Mississippi Attorney General's Office, Division of Medicaid, Jackson, for Caprice Kent, Individually, and as guardian, parent, and next friend of the minor, Mallaree Kent, State of Mississippi, Office of the Governor, Division of Medicaid, plaintiffs.

Walker W. Jones, III, Tiffanee Nicole Wade–Henderson, Barry Wayne Ford, Baker, Donelson, Bearman & Caldwell, Jackson, Mark David Morrison, Ken R. Adcock, Maril Faith Risher, Gore, Kilpatrick, Purdie, Metz & Adcock, PC, Ridgeland, for Ford Motor Company, Trace City Ford, Lincoln Mercury, Inc., Natchez Ford Lincoln Mercury, Inc., defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiffs to Remand.[1] The

---

1. Plaintiffs also filed a Motion for an Expedited Hearing on this motion pursuant to Rule

Court has considered the Motion, Response, Rebuttal, attachments to each and supporting and opposing authority and finds that the motion is well taken and should be granted.

## I. Factual Background and Procedural History

On May 27, 1998, in Claiborne County, Mississippi, Plaintiff Caprice Kent and her daughter Mallaree Kent, were allegedly injured when the 1986 Ford Bronco II in which they were traveling "became unstable and rolled over." The Bronco II was manufactured by Defendant Ford Motor Company ("Ford") and distributed through Defendant Trace City Ford, Lincoln–Mercury, Inc. ("Trace City Ford").[2] Defendant Natchez Ford Lincoln Mercury, Inc. ("Natchez Ford") had serviced and repaired the subject Bronco while owned by Plaintiff Caprice Kent. The State of Mississippi, through its Division of Medicaid, provided financial assistance to the Kents in the form of payment for medical treatment for the injuries they allegedly sustained as a result of the incident.[3]

On February 5, 2001, Plaintiffs filed a lawsuit against the named Defendants in the Circuit Court of Claiborne County, Mississippi, alleging state law claims of breach of express and implied warranties, negligence, strict products liability, breach of contract and breach of the implied duty of good faith and fair dealing against the named Defendants. Although it was served with process on February 12, 2001, Ford did not remove the case to federal

court until December 18, 2001. In its Notice of Removal, Ford argues that Plaintiff Kent, as evidenced by the allegations contained in paragraph fifteen of the complaint, has asserted a "failure to recall" claim arising under the National Traffic and Motor Vehicle Safety Act ("NTMVSA"), codified at 49 U.S.C. § 30118, et seq. Ford, therefore, contends that federal subject matter jurisdiction is proper under 28 U.S.C. § 1331. Ford also argues that federal subject matter jurisdiction is proper under 28 U.S.C. § 1332 as both non-diverse Defendants, Trace City Ford and Natchez Ford, were fraudulently joined for the purpose defeating federal subject matter jurisdiction. Finally, Ford argues that removal of this case to federal court was timely under 28 U.S.C. § 1446(b) because it first ascertained that Natchez Ford was fraudulently joined as a defendant in this case on November 19, 2001, the date on which Plaintiff Caprice Kent was deposed and testified that she did not have any "complaints of fault" regarding the repair work performed by Natchez Ford on the subject Bronco II. Plaintiffs move for an order remanding the case to state court.

## II. Analysis

### A. Was Removal Timely?

The record shows that Plaintiff Caprice Kent was deposed on November 19, 2001. In her deposition, Caprice Kent testified that on one of the three or four occasions that her motor vehicle was repaired by

---

7.2(H) of the Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi ("Local Rules"). The Court finds that as the remand issues presented could be decided on the briefs submitted by the parties, the Motion for Expedited Hearing should be dismissed as moot.

2. Plaintiff Caprice Kent purchased the subject Ford Bronco II from an individual who allegedly purchased the vehicle from Trace City.

3. The State of Mississippi only asserts a claim against the named Defendants pursuant to Mississippi Code Annotated Section 43–13–125 which provides the State a subrogation interest in this case to the payments made for medical treatment provided to Caprice and Mallaree Kent.

Natchez Ford, she did not recall finding fault with the work performed by that Defendant. *See* Response, Exhibit B (Kent Deposition), 100. Ford contends that this testimony shows that Defendant Natchez Ford was fraudulently joined for the purpose of defeating federal subject matter jurisdiction. Ford also argues that as it did not discover this evidence until the deposition was taken on November 19, 2001, its removal of this case on December 18, 2001, was timely under 28 U.S.C. § 1446(b). This statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendants, whichever period is less.

> If a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable except that a case may not be removed on the basis of jurisdiction conferred by [28 U.S.C. § 1332] more than 1 year after commencement of the action.

■ Generally, under 28 U.S.C. § 1446, a defendant has thirty days in which to remove a case to federal court in cases in which a basis for federal subject matter jurisdiction appears on the face of the initial pleading. *See* 28 U.S.C. § 1446(b). In the event the defendant fails to remove the case within the thirty-day period of limitations prescribed by 28 U.S.C. § 1446(b), its ability to so do may be considered waived.[4] If, however, the case is not one in which a basis for federal subject matter jurisdiction exists as initially pleaded, the defendant may remove the case within thirty days after discovering a grounds for removal. *See* 28 U.S.C. § 1446(b), ¶ 2. The second paragraph of 28 U.S.C. § 1446(b) "addresses a defendant's right to promptly remove beyond the initial period of thirty days, if the case *only became removable sometime after the initial commencement of the action.*" *Badon v. R J R Nabisco, Inc.,* 224 F.3d 382, 389 (5th Cir.2000) (emphasis added).

■ In the case *sub judice,* Ford argues that a basis for federal subject matter jurisdiction exists on the face of Plaintiffs' initial pleading. Specifically, Ford alleges that Plaintiff Kent, in paragraph fifteen of the complaint, alleges a "failure to recall" claim arising under the NTMVSA. *See* Memorandum in Support of Response, 11 (arguing that: "An examination of Plaintiffs' Complaint, and the important federal statute that it invokes, reveals that plaintiffs *necessarily* raised the sort of *substantial* federal question required to confer federal jurisdiction."). Ford has not presented any argument or evidence to show that it was unaware that Plaintiff Kent alleged a claim arising under federal law

---

4. The United States Court of Appeals for the Fifth Circuit has recognized:

While the time limitation for removal is not jurisdictional, and, therefore, may be waived, failure to petition for removal within thirty days may render removal improvident within the meaning of 28 U.S.C. § 1447(c).

In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right. *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986).

within thirty days after it was served a copy of the complaint on February 12, 2001. Additionally, Ford has not presented any argument or evidence that it only first discovered that Plaintiff Kent was alleging a claim arising under federal law after the thirty-day period of limitations prescribed by 28 U.S.C. § 1446(b), paragraph 1, had expired. Finally, Ford has not presented any argument or evidence that an equitable reason exists which would warrant a finding that the initial thirty-day period of limitations prescribed by the first paragraph of 28 U.S.C. § 1446(b) should not be applied to this case.

The Court finds that Ford had thirty days from the date on which it was served a copy of the complaint, which it alleges states a claim arising under federal law, to remove the case to federal court on the basis of federal question jurisdiction. The Court additionally finds that as Ford did not remove the case until December 19, 2001, approximately ten months after service was perfected, it has waived its right to assert this basis for federal jurisdiction. Accordingly, the Court finds that removal of this case on the basis of federal question jurisdiction was untimely under 28 U.S.C. § 1446(b).

■■■ Defendant Ford also predicates its Notice of Removal on the presence of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As discussed above, Ford alleges that by the November 19, 2001, deposition testimony of Caprice Kent, it first discovered that the non-diverse Defendant Natchez Ford had been fraudulently joined as a party in this case.[5] Ford then argues that as the case was removed within thirty days after this evidence was discovered, removal was timely under the second paragraph of 28 U.S.C. § 1446(b).

■■ The second paragraph of 28 U.S.C. § 1446(b) provides:

If a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable except that a case may not be removed on the basis of jurisdiction conferred by [28 U.S.C. § 1332] more than 1 year after commencement of the action.

Assuming without deciding that Natchez Ford was fraudulently joined, the Court finds that the extension of time permitted by this statute to effectuate removal may only be applied to cases that were not removable as initially pleaded in state court. *See Johnson v. Heublein, Inc.,* 227 F.3d 236, 241 (5th Cir.2000) (holding that the "second paragraph [of 28 U.S.C. § 1446(b) ] applies only to civil actions in which the initial pleading states a case that is not removable."); *Badon,* 224 F.3d at 389 (holding that the "second paragraph [of 28 U.S.C. § 1446(b) ] addresses a defendant's right to remove beyond the initial period of 30 days, if the case only became removable sometime after the initial commencement of the action."); *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir.1992) holding:

Logic dictates that a defendants can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper"; and therefore the 30–day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the

---

**5.** A deposition answer is considered "other paper" for the purpose of 28 U.S.C.

§ 1446(b). *See SWS Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996).

"other paper" revealing that the case is removable.

In the case *sub judice*, Ford alleges that only after receiving "other paper" in the form of deposition testimony, it discovered for the "first time that the case was removable." Memorandum in Support of Response, 1. The record shows, however, that Ford contends this case was removable as initially pleaded as evidenced by its argument that Plaintiff Kent alleged a claim arising under federal law in paragraph fifteen of the complaint. Based on the arguments advanced by Ford in the pleadings presently before the Court, the Court finds that the assertion by Ford that it only "first discovered" that the case was removable on November 19, 2001, lacks merit. Accordingly, the Court finds that as Ford alleges the case *sub judice* was removable upon the date on which it received a copy of Plaintiffs' initial pleading, that the second paragraph of 28 U.S.C. § 1446(b) is not applicable in this case. The Court additionally finds that the Notice of Removal filed by Ford on December 18, 2001, was untimely and that this case should be remanded to the Circuit Court of Claiborne County, Mississippi. The Court, having concluded that the removal of this case was untimely, does not consider the other arguments advanced by Plaintiffs in the subject Motion to Remand.

■ Plaintiffs also request that the Court award them attorneys' fees and costs incurred in bringing the subject Motion to Remand. Under 28 U.S.C. § 1447(c): "An order remanding the case may require payment of just costs and actual expenses, including attorney fees incurred as a result of the removal." Generally, the decision to award attorneys' fees and costs is within the sound discretion of the Court. Attorneys' fees and costs may be awarded in cases in which the defendant removes the cases to federal court in bad faith or in cases in which the

"reasons for removal are so devoid of basis [removal is] obviously designed for harassment purposes." *Barker v. John Deere, Ins. Co.*, 932 F.Supp. 785, 788 (S.D.Miss. 1996) (J. Wingate) (citations omitted).

The record shows that this case is set for trial in the Circuit Court of Claiborne County, Mississippi, on January 22, 2002. Defendant Ford has not presented any argument or evidence to show why it did not remove this case on the basis of federal question jurisdiction within the thirty-day period of limitations prescribed by 28 U.S.C. § 1446(b). Additionally, although Defendant Ford alleges that it first discovered that this case became removable on the basis of fraudulent joinder on November 19, 2001, the date on which Plaintiff Caprice Kent was deposed, it waited an additional twenty-nine days before filing its Notice of Removal. This conduct has created a burden on Plaintiffs and on the state court which had initially set this case for trial in July of 2001, and would be required to reschedule the case for trial in the event the case was not remanded in time to preserve the January 22, 2002, trial date. Additionally, Defendant Ford has created a burden for this Court who had to rearrange its crowded docket to ensure that an opinion and order addressing the motion to remand was filed prior to the date the trial was to commence in state court. The Court therefore finds that Defendant Ford should show cause, on or before January 31, 2002, as to the reasons sanctions should not be imposed against it in the form of attorneys' fees and costs to Plaintiffs. In the event Ford does not show cause on or before January 31, 2002, the Court will grant reasonable attorneys' fees and costs to Plaintiffs. Plaintiffs may file a response to the Show Cause pleading filed by Defendant Ford on or before February 8, 2002. Defendant Ford may file its rebuttal on or before February 15, 2002.

670

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Remand [3–1] is hereby granted. This case is hereby remanded to the Circuit Court of Claiborne County, Mississippi.

IT IS FURTHER ORDERED that the Motion of Plaintiffs for Expedited Hearing [4–2] is hereby dismissed as moot.

IT IS FURTHER ORDERED that Defendant Ford Motor Company is to Show Cause as to the reasons sanctions should not be imposed in this case on or before January 31, 2002. Plaintiffs may file a response to the Show Cause pleading filed by Defendant Ford on or before February 8, 2002. Defendant Ford may file its rebuttal on or before February 15, 2002.