**Caprice KENT, Individually and as guardian, parent, and next friend of the minor, Mallaree Kent, and the State of Mississippi, Office of the Governor, Division of Medicaid Plaintiffs**

v.

**FORD MOTOR COMPANY, Trace City Ford, Lincoln Mercury, Inc, and Natchez Ford Lincoln Mercury, Inc. Defendants**

No. CIV.A. 5:01CV379BN.

United States District Court,
S.D. Mississippi,
Western Division.

April 1, 2002.

Order Specifying Sanction
April 22, 2002.

S. Robert Hammond, Jr., Bryant, Clark, Dukes, Blakeslee, Ramsey & Hammond, Hattiesburg, MS, Dennis C. Sweet, III, Langston, Sweet & Freese, P.A., Jackson, MS, Michael T. Jaques, Law Office of Michael T. Jaques, Jackson, MS, Philip E. Carby, Natchez, MS, for Caprice Kent.

Alyssa W. Silberman, Mississippi Attorney General's Office, Division of Medicaid, Jackson, MS, for State of Mississippi.

Walker W. Jones, III, Tiffanee Nicole Wade-Henderson, Barry Wayne Ford, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Ford Motor Company.

Mark David Morrison, Ken R. Adcock, Maril Faith Risher, Gore, Kilpatrick, Purdie, Metz, & Adcock, PC, Ridgeland, MS, for Natchez Ford Lincoln Mercury, Inc.

## OPINION AND ORDER

BARBOUR, District Judge.

On January 16, 2002, this Court Ordered Defendant Ford Motor Company ("Ford") to show cause as to the reasons sanctions, in the form of attorneys' fees and costs, should not be imposed in conjunction with the Order that granted the Motion of Plaintiffs to Remand the above referenced case to the Circuit Court of Claiborne County, Mississippi. The Court has considered the response of Ford to the subject Order and finds that Ford has not shown good cause, and that Plaintiffs are entitled to recover the attorneys' fees and costs incurred as a result of the removal.

### I. Factual Background and Procedural History

On February 5, 2001, Plaintiffs filed a lawsuit against the named Defendants in the Circuit Court of Claiborne County, Mississippi, the subject of which was a roll-over accident involving a Ford Bronco II. The case was removed by Defendant Ford on December 18, 2001. Ford argued that the Court had federal question jurisdiction over this case because Plaintiff Caprice Kent ("Kent"), as evidenced by the allegations contained in the complaint, had asserted a "failure to recall" claim arising under the National Traffic and Motor Vehicle Safety Act ("NTMVSA"), codified at 49 U.S.C. § 30118, et seq. Ford also argued that federal subject matter jurisdiction was proper under 28 U.S.C. § 1332 as both non-diverse Defendants, Trace City Ford and Natchez Ford, were fraudulently joined for the purpose of defeating federal subject matter jurisdiction. Ford contended that removal of the case to federal court was timely under 28 U.S.C. § 1446(b) because it first ascertained that the non-diverse Defendant Natchez Ford was fraudulently joined on November 19, 2001, the date on which Kent was deposed and testified that she did not have any "complaints of fault" regarding the repair work performed by Natchez Ford on the subject Bronco II.

The Court, on the motion of Plaintiffs, remanded the case to state court on January 16, 2002. The Court found that as Ford claimed the case was removable as originally pleaded, i.e. that a federal question existed on the face of the complaint, that the second paragraph of 28 U.S.C. § 1446(b), which grants a defendant thirty days from the date on which a basis for federal subject matter jurisdiction is discovered in a previously non-removable case, was not applicable. The Court also ordered Ford to show cause as to the reasons sanctions should not be imposed against it in the form of attorneys' fees and costs incurred by Plaintiffs because of

the untimely removal.[1] Ford timely responded to the Show Cause Order on January 31, 2002.

## II. Analysis

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The decision as to whether to award attorney's fees and costs under this statute is within the sound discretion of the district court. *See Barker v. John Deere Ins. Co.*, 932 F.Supp. 785, 788 (S.D.Miss.1996) (J. Wingate) (citations omitted). An award of attorney's fees and costs under 28 U.S.C. § 1447(c) need not be "predicated on a finding of bad faith or negligent or frivolous removal." *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir.1993) (citing *News–Texan, Inc. v. City of Garland*, 814 F.2d 216, 220 (5th Cir.1987)). Attorney's fees and costs, however, "should be awarded only if it was improper for the defendant to remove." *Id. See also Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir.2000) (holding that the application of 28 U.S.C. § 1447(c) "requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.").

In support of its notice of removal, Ford alleged that the case was removable as originally pleaded in the complaint on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Ford then alleged that it only first discovered the case was removable after it deposed Kent and ascertained that one of the non-diverse defendants had been fraudulently joined and, therefore, that the Court could properly assert diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Ford argued that removal on both grounds was timely under the second paragraph of 28 U.S.C. § 1446(b). The Court found that the position advocated by Ford was not supported by existing precedent of the United States Court of Appeals for the Fifth Circuit under which the 30–day extension of time in which to effectuate removal under the second paragraph of 1446(b) is applicable only in those cases that first become removable thirty days after the initial commencement of the action. *See Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 389 (5th Cir.2000); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir.1992). The Court finds that Ford has not shown cause to support the seemingly dichotomous positions asserted in support of its contention that it timely removed this case. Accordingly, the Court finds that Plaintiffs are entitled to attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

The Court additionally finds that sanctions, in the form of attorneys' fees and costs, are warranted under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 permits a district court to *sua sponte* "award costs and attorneys' fees against a party or attorney, or both, for filing a 'pleading, motion [or] other paper of a party' that is not 'well grounded in fact

1. In addition to finding that removal by Ford was untimely, the Court found that a Show Cause Order was warranted based, in part, on: (1) removal of the case approximately one month before the state court trial date, (2) the 29–day delay in removing the case after the basis for the alleged fraudulent joinder of the non-diverse defendant was discovered, (3) the burden that resulted to Plaintiffs and the state court which had initially set this case for trial in July of 2001, and would be required to reschedule the case for trial in the event the case was not remanded in time to preserve the January 22, 2002, trial date, and (4) the burden on this Court that had to rearrange its crowded docket to ensure that an opinion and order addressing the motion to remand was filed prior to the date trial was to commence in state court.

and ... warranted by law.'" *News–Texan*, 814 F.2d at 220 (quoting FED. R. CIV. P. 11). The Court finds that Ford has failed to show cause as to the manner its removal on the basis of federal question jurisdiction allegedly appearing on the face of the complaint approximately ten months after the lawsuit was commenced was warranted under the existing Fifth Circuit precedent governing the application of the second paragraph of 28 U.S.C. § 1446(b).

The Court, having concluded that Plaintiffs are entitled to attorneys' fees and costs incurred as a result of the removal of this case under both 28 U.S.C. § 1447(c) and Rule 11 of the Federal Rules of Civil Procedure, hereby orders Plaintiffs to submit a motion for attorneys' fees and costs in accordance with Rule 54.2 of the Rules of the District Courts for the Northern and Southern Districts of Mississippi on or before April 12, 2002. In the event the Court does not receive such motion, it will consider Plaintiffs to have waived their entitlement to attorneys' fees and costs as awarded by this Order and will impose sanctions to be paid by Ford Motor Company to the Court.

### III. Conclusion

For the forgoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs are to submit a motion for attorneys' fees and costs in accordance with Rule 54.2 of the Rules of the District Courts for the Northern and Southern Districts of Mississippi on or before April 17, 2002. Defendant Ford Motor Company may file a response to the motion for attorneys' fees and costs on or before April 26, 2002.

### *ORDER*

BARBOUR, District Judge.

On April 1, 2002, this Court found that Plaintiffs were entitled to recover the attorneys' fees and costs incurred in the improper removal of this action under 28 U.S.C. § 1447(c) and/or Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs were ordered to submit a motion for attorneys' fees and costs to the Court on or before April 17, 2002. The Court also specified that: "In the event the Court does not receive such motion, it ... will impose sanctions to be paid by Ford Motor Company to the Court." On or about April 4, 2002, the undersigned received a correspondence from Plaintiffs indicating that they declined to request attorneys' fees and costs from the Court.

IT IS THEREFORE ORDERED, in accordance with the Opinion and Order entered on April 1, 2002, that Defendant Ford Motor Company is to pay sanctions in the amount of $2,500.00 to the Clerk of the Court on or before May 1, 2002.