**Yolanda GUERRERO,
et al. Plaintiffs,**

v.

**GENERAL MOTORS CORP.,
et al., Defendants.**

**No. C 05–01121 JSW.**

United States District Court,
N.D. California.

April 13, 2005.

Stephen James Purtill, O'Reilly, Collins & Danko, San Mateo, CA, Frank C. Liuzzi, Martin Dante Murphy, Michael R. Solomon, Liuzzi, Murphy & Solomon LLP, Terry O'Reilly, O'Reilly Collins & Danko, San Francisco, CA, for Plaintiffs.

Neil M. Kliebenstein, Barbara J. Frischholz, Vincent Galvin, Bowman & Brooke LLP, San Jose, CA, Mark Oium, Keith Reyen, Oium Yeyen & Pryor, San Francisco, CA, for Defendants.

**ORDER GRANTING MOTION TO REMAND AND DISCHARGING ORDER TO SHOW CAUSE**

WHITE, District Judge.

## I. INTRODUCTION

This matter comes before the Court upon consideration of Plaintiffs' Motion to Remand and this Court's Order to Show Cause to the Defendants as to why this case should not be dismissed for lack of subject matter jurisdiction.

Having considered the parties' pleadings and relevant legal authority, the Court finds the matter appropriate for decision without oral argument, *see* Civil Local Rule 7–1(b), and hereby VACATES the

hearing set for May 13, 2005. For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS Plaintiff's Motion to Remand and HEREBY DISCHARGES the Order to Show Cause.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs originally filed this action in San Mateo Superior Court on April 30, 2004, asserting, *inter alia,* claims for wrongful death and negligence arising out of a car accident that claimed the lives of Michael and Carla Martinez and injured Plaintiffs Jennifer Martinez, Marissa Martinez, Amber Martinez, and Robert Martinez, each of whom are minors, as well as Yolanda Guerrero. Plaintiff Evelyn Goins is the Guardian Ad Litem for the minor plaintiffs. (*See, e.g.,* Complaint, ¶¶ 10–12).

On or about February 15, 2005, Plaintiffs filed Notices of Settlement and Applications for Determination of Good Faith Settlement, in which Plaintiffs stated that they had reached settlements with two non-diverse defendants. (Declaration of Neil M. Kliebenstein in Support of Removal Action, Exs. D–F.) Although the Settlement Agreements were signed, the Superior Court had neither approved the applications for good faith settlements nor approved the minors' compromise.

On March 17, 2005, Defendant General Motors Corporation ("GM") removed this case from the Superior Court of the State of California for the County of San Mateo ("San Mateo Superior Court"), citing diversity jurisdiction as the basis for removal.

On March 22, 2005, this Court issued an Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction, citing to the fact that although Plaintiffs had indicated an intention to settle with non-diverse defendants, the non-diverse defendants had not yet been dismissed and that the settlements had not been finally approved by the Superior Court.

On April 1, 2005, Plaintiffs filed a motion to remand, arguing that complete diversity was lacking. On April 8, 2005, GM filed its response to the Order to Show Cause and its opposition to Plaintiff's motion to remand (the "Opposition"). On April 11, 2005, Plaintiffs filed a reply to Defendant's Opposition.

## III. ANALYSIS

### A. Legal Standards Relevant to Removal Jurisdiction.

Federal Courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ... to the district court of the United States for the district and division embracing the place where such action is pending."

In order to remove on the basis of diversity jurisdiction, the action may be removed only if no defendant is a citizen of the same state as any plaintiff and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. 1332(a)(1).

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on

the basis of [diversity of citizenship] more than 1 year after the commencement of the action." 28 U.S.C. § 1446(b).

## B. Complete Diversity Did Not Exist at the Time GM Removed the Case.

Plaintiffs move to remand on the ground that complete diversity did not exist between Plaintiffs and Defendants at the time of the removal because of the fact that the Superior Court must approve the minors' compromise with the non-diverse defendants, The Pep Boys Manny Moe & Jack of California ("Pep Boys"), Redwood City Dodge and Gene Johnson (collectively "the non-diverse defendants"). Defendants contend that because Plaintiffs have indicated their intent not to proceed against those Defendants, the case is removable, notwithstanding the fact that the non-diverse defendants have not been dismissed from the case.[1] The Court finds Plaintiffs' position more persuasive.

In *Mertan v. E.R. Squibb & Sons, Inc.*, 581 F.Supp. 751 (C.D.Cal.1980), the court remanded the case to state court where plaintiffs had "orally and in open court" settled with the non-diverse defendant. *Id.* at 752–53. Rejecting the defendants' argument that a formal dismissal was not necessary, the court stated that California law provided that "the written dismissal is the only effective order the State Court can make or that is legally enforceable." *Id.* Defendants claim *Mertan* is distinguishable because the defendants in that case had attempted to remove the case once before, unsuccessfully, and failed to follow required procedures. While the Defendants in this case have followed the requisite procedures, the Court does not find this to be a sufficient basis on which to distinguish *Mertan*, which is still good law and has not been rejected by the Ninth Circuit.[2]

More importantly, however, the Court concludes that remand is proper because four of the plaintiffs are minors, and their claims cannot be settled without court approval. Cal. Prob.Code §§ 2504, 3500, 3600; Cal.Code Civ. P. § 372. Until court approval is granted, "a settlement of the claims of a minor by a guardian ad litem is not final *or binding.*" *See, e.g., Scruton v. Korean Air Lines Co., Ltd.*, 39 Cal.App.4th 1596, 1602–1605, 46 Cal.Rptr.2d 638 (1995). It is undisputed that the Superior Court has not approved the settlements with the minor plaintiffs. It is also undisputed that it has not approved the applications for good faith settlement. As such, the settlements as to those Plaintiffs are neither final nor binding on the parties.

Defendants also point this Court to authority from other jurisdictions where removal has been permitted although non-diverse defendants had not been formally dismissed. *See, e.g., Lesher v. Andreozzi*, 647 F.Supp. 920 (M.D.Pa.1986); *DiNatale v. Subaru of America*, 624 F.Supp. 340 (E.D.Mich.1985); *Erdey v. American Honda*, 96 F.R.D. 593 (M.D.La.1983); *Heniford v. American Motors Sales Corp.*, 471

---

1. The Court also notes that GM's notice of removal was filed more than 30 days after it claims the case became removable. Because the Court determines that complete diversity was lacking on March 17, 2005, the Court does not address the question of timeliness.

2. Defendants also rely on *Blankenberg v. Commercial Ins. Co. of Newark, N.J.*, 655 F.Supp. 223 (N.D.Cal.1987) to support their argument that a formal dismissal is not necessary, if a plaintiff has unequivocally stated his or her intent to abandon claims against a non-diverse defendant. *Blankenberg* is not helpful to Defendants. In that case, the court determined that a state court "At Issue Memorandum" stating that no additional parties would be served, was sufficient to show that plaintiff did not intend to proceed against unserved potentially non-diverse Doe defendants. *Id.* at 224, 227. In this case, however, non-diverse defendants who have been served but not yet dismissed, remain in the action.

F.Supp. 328 (D.S.C.1979). None of those cases involved the factual situation here, namely settlement with minors that required court approval to become binding on the parties. Accordingly, the Court finds these cases to be distinguishable and concludes Defendants have failed to meet their burden to show this case is removable on the basis of diversity jurisdiction.

Accordingly, the Court concludes that the Pep Boys, Redwood City Dodge and Gene Johnson remained defendants on March 17, 2005, and thus complete diversity did not exist at that date. For this reason, Plaintiffs' motion to remand is GRANTED, and the Order to Show Cause DISCHARGED.

The Court has considered Plaintiff's request for sanctions and DENIES the request. The Clerk shall close this file.

**IT IS SO ORDERED.**